1  Scott B. Henrie, WSBA #12673
2  Manish Borde, WSBA #39503
   WILLIAMS, KASTNER & GIBBS PLLC
3  601 Union Street, Suite 4100
   Seattle, WA 98101-2380
4  Telephone: (206) 628-6600
   Fax: (206) 628-6611
5  Attorneys for Michael P. Klein, Chapter 7
   Trustee

The Honorable Karen A. Overstreet
Chapter 7

6

7

8        UNITED STATES BANKRUPTCY COURT
         WESTERN DISTRICT OF WASHINGTON
9                   AT SEATTLE

10  IN RE:
    MARK ALLEN McNAUGHTON and MARNA
11  LOUISE McNAUGHTON,
                Debtors.
12  IN RE:
    THE McNAUGHTON GROUP, LLC
13                Debtor.
    MICHAEL P. KLEIN, CHAPTER 7 TRUSTEE
14  FOR THE BANKRUPTCY ESTATE OF THE
    McNAUGHTON GROUP, LLC
15
                Plaintiff,
16  v.
17  BRIAN HOLTZCLAW, individually and on
    behalf of his marital community; JANE DOE
18  HOLTZCLAW, individually and on behalf of
    her marital community; JANNETTE M.
19  WEIMER, Personal Representative of the Estate
    of Richard F. Buss; KELLY ASKEW,
20  individually and on behalf of her marital
    community; JOHN DOE ASKEW, individually
21  and on behalf of his marital community; KEVIN
    BALLARD, individually and on behalf of his
22  marital community; JANE DOE BALLARD,
    individually and on behalf of her marital
23  community,
24              Defendants.

Lead Case No. 12-11906 KAO
Member Case No. 12-12823 KAO
(administratively consolidated)

Adv. No. _____

COMPLAINT TO QUIET TITLE, FOR
DECLARATORY RELIEF AND TO
AVOID AND RECOVER TRANSFERS
UNDER BANKRUPTCY CODE
SECTIONS 544, 547, 548, 550 AND RCW
19.40 ET SEQ.

25

COMPLAINT TO QUIET TITLE, FOR DECLARATORY RELIEF
AND TO AVOID AND RECOVER TRANSFERS UNDER
BANKRUPTCY CODE SECTIONS 544, 547, 548, 550 AND RCW
19.40 ET SEQ. - 1

4295175.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1    Michael P. Klein ("Trustee"), in his capacity as Chapter 7 Trustee of the Bankruptcy

2    Estate of The McNaughton Group, LLC, by and through his attorneys, Williams, Kastner &

3    Gibbs PLLC, for the benefit of creditors of the above-captioned Bankruptcy Estate, seeks to

4    avoid both the preferential and subsequent transfers of the avoidable transfers of the Debtor's

5    property to or for the benefit of, Brian Holtzclaw ("Holtzclaw"), Richard Buss ("Buss"), Kelly

6    Askew ("Askew") and Kevin Ballard ("Ballard").

7    I.  JURISDICTION AND VENUE

8    1.1    This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B), (C), (E), (F)

9    (H), (K) and (O).

10   1.2    This Court has jurisdiction to hear this complaint pursuant to 28 U.S.C. § 157(a)

11   and (b), 28 U.S.C. § 1334(a) and (b), and 11 U.S.C. §§ 105, 544, 547, 548, 550 and 551.

12   1.3    This matter has been referred to the Bankruptcy Judges of the District pursuant

13   to Local Civil Rule 87 of the United States District Court for the Western District of

14   Washington.

15   1.4    Venue is proper under 28 U.S.C. § 1409.

16   II.  PARTIES

17   2.1    Debtor.  Mark and Marna McNaughton (the "McNaughtons") are a married

18   couple who reside in Edmonds, Washington, and filed for Chapter 7 bankruptcy protection on

19   February 28, 2012.  Michael Klein was appointed trustee.  On March 21, 2012, Mr. Klein filed

20   a voluntary Chapter 7 bankruptcy petition on behalf of The McNaughton Group, LLC

21   ("Debtor" or "TMG").  The McNaughtons' personal bankruptcies and The McNaughton Group

22   bankruptcy were consolidated for administration purposes pursuant to this Court's August 6,

23   2013 Order.[1]

24

25   _____

[1] Dkt. #145.

COMPLAINT TO QUIET TITLE, FOR DECLARATORY RELIEF
AND TO AVOID AND RECOVER TRANSFERS UNDER
BANKRUPTCY CODE SECTIONS 544, 547, 548, 550 AND RCW
19.40 ET SEQ. - 2

4295175.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1      2.2     <u>Trustee.</u>  Michael Klein is the Chapter 7 Trustee of the above captioned

2  proceeding.  The trustee is authorized to bring this action pursuant to 11 U.S.C. § § 105, 544,

3  547, 548, 550 and 551, and does so solely in his capacity as trustee for TMG.

4      2.3     <u>Defendant Brian Holtzclaw.</u>  Mr. Holtzclaw is a Washington resident, and

5  currently General Counsel to KLN Construction, Inc. ("KLN"), which was formed in 2010.

6  Prior to his employment at KLN, Holtzclaw was General Counsel to The McNaughton Group,

7  LLC ("TMG").  Holtzclaw has filed a claim in the TMG bankruptcy proceeding.[2]

8      2.4.    <u>Defendant Jane Doe Holtzclaw.</u>  Jane Doe Holtzclaw is the wife of Brian

9  Holtzclaw and together they form a marital community.  Any and all acts by Brian Holtzclaw

10  were done for the benefit of the marital community.  Any acts that benefitted Brian Holtzclaw

11  benefitted the marital community.  Jane Doe Holtzclaw resides in Washington.

12      2.5     <u>Defendant Jannette M. Weimer.</u>  Ms. Weimer is the personal representative of

13  the probate estate of Richard F. Buss.  Ms. Weimer is a Washington resident.  The Buss estate

14  is currently in probate in Snohomish County Superior Court Case No. 13-4-00302-9.  Buss

15  filed a claim in the TMG bankruptcy proceeding.[3]

16      2.6     <u>Defendant Kelly Askew.</u>  Ms. Askew is a Washington resident, currently

17  residing in Snohomish County.  Askew has filed a claim in the TMG bankruptcy proceeding.[4]

18      2.7     <u>Defendant John Doe Askew.</u>  Mr. Askew is a Washington resident and the

19  husband of Kelly Askew.  Kelly and John Doe Askew form a marital community.  Any and all

20  acts done by Kelly Askew were done for the benefit of the marital community.  Any acts that

21  benefitted Kelly Askew benefitted the marital community.

22

23

24  [2] Claim #10.
    [3] Claim #5.

25  [4] Claim #11.

COMPLAINT TO QUIET TITLE, FOR DECLARATORY RELIEF
AND TO AVOID AND RECOVER TRANSFERS UNDER
BANKRUPTCY CODE SECTIONS 544, 547, 548, 550 AND RCW
19.40 ET SEQ. - 3

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

4295175.1

1    2.8    Defendant Kevin Ballard.  Mr. Ballard is a Washington resident and longtime

2 employee of TMG.  Ballard is currently the President of KLN and has filed a claim in the TMG

3 bankruptcy proceeding.[5]

4    2.9    Defendant Jane Doe Ballard.  Ms. Ballard is a Washington resident and the wife

5 of Kevin Ballard.  Kevin and Jane Doe Ballard form a marital community.  Any and all acts

6 done by Kevin Ballard were done for the benefit of the marital community.  Any acts that

7 benefitted Kevin Ballard benefitted the marital community.

8                                III.  FACTS

9 A.    Background

10    3.1    TMG was formed in 1997 by Mark and Marna McNaughton for the purpose of

11 developing real estate.    Mark and Marna McNaughton were the sole members of TMG at the

12 time of formation, and remained the sole members of TMG at the time of the TMG bankruptcy.

13 Mark McNaughton was the President and CEO of TMG.

14    3.2    Mark and Marna were also the sole members of several other LLCs through

15 which they conducted real estate development business.  To add to the complexity, TMG was

16 itself a sole member of several more LLCs through which the McNaughtons also conducted

17 business.

18    3.3    Richard Buss, Brian Holtzclaw, Kelly Askew and Kevin Ballard were officers

19 or high level employees of TMG and exerted at least some control over TMG.

20    3.4    Richard Buss, Brian Holtzclaw, Kelly Askew and Kevin Ballard (collectively

21 referenced as the "Employee Defendants") are insiders of TMG.

22    3.5    As part of their employment, and acknowledging their standing as key

23 employees, the McNaughtons, TMG and the Employee Defendants entered into a profit sharing

24

25 _____
[5] Claim #15.

COMPLAINT TO QUIET TITLE, FOR DECLARATORY RELIEF
AND TO AVOID AND RECOVER TRANSFERS UNDER
BANKRUPTCY CODE SECTIONS 544, 547, 548, 550 AND RCW
19.40 ET SEQ. - 4

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

4295175.1

agreement. The Employee Defendants each earned a bonus for the calendar year 2006 pursuant to TMG's profit sharing plan, which was to be paid on February 28, 2007.

3.6     A portion of the Employee Defendants' 2006 bonuses were paid on or about February 28, 2007. The remainder of each Employee Defendant's 2006 bonus was evidenced by promissory notes executed by TMG dated March 1, 2007 for each Employee Defendant.

3.7     The March 1, 2007 promissory note in favor of Holtzclaw was in the principal amount of $542,698.24.

3.8     The March 1, 2007 promissory note in favor of Buss was for the principal amount of $542,565.74.

3.9     The March 1, 2007 promissory note in favor of Askew was in the principal amount of $641,868.06.

3.10    The March 1, 2007 promissory note in favor of Ballard was in the principal amount of $1,197,723.02.

3.11    The March 1, 2007 promissory notes were due and payable on October 31, 2007.

3.12    Each note accrued interest at the rate of one percent greater than the prime rate, adjusted on a monthly basis.

3.13    On February 26, 2009, Vien Bui and Thanh-Thien Tonnu filed a lawsuit against TMG seeking $100,000 in damages.

3.14    On March 16, 2009, David Hawes filed a lawsuit against TMG seeking $20,000 in damages.

3.15    On October 12, 2009, Frontier Bank and Union Bank filed a lawsuit against The McNaughton Group, LLC, the McNaughtons and other McNaughton entities seeking $17,695,170.72 in damages from TMG and $27,264,551.36 from the McNaughtons.

COMPLAINT TO QUIET TITLE, FOR DECLARATORY RELIEF AND TO AVOID AND RECOVER TRANSFERS UNDER BANKRUPTCY CODE SECTIONS 544, 547, 548, 550 AND RCW 19.40 ET SEQ. - 5

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

4295175.1

1    3.16    In 2007 Traner/Traner Smith & Co., PLLC, prepared an amended tax return for

2    TMG LLC for the 2006 tax year.  That amended return was prepared negligently in that it

3    contained a critical error.  In that tax return, Traner claimed a tax deduction or write-off on the

4    value of the real property underpinning a failed real estate venture which the McNaughtons still

5    owned and that the McNaughtons still controlled through an LLC created for that purpose.

6    This improper deduction flowed into the McNaughtons' personal tax returns as the sole

7    members of TMG LLC.

8    3.17    As an actual or proximate result of this error the McNaughtons carried back

9    improper losses in the 2007 tax year and obtained a substantial refund of 2006 taxes already

10   paid, resulting in a potential $6 million tax underpayment and resulting liability for taxes,

11   interest and penalties.

12   3.18    The McNaughtons received a tax refund from the IRS in 2010 and paid

13   $250,000 from the refund to Askew, Ballard, Holtzclaw and Buss in 2010.

14   3.19    At some point in 2010, Traner revealed his error and the Debtors' possible

15   exposure should the IRS investigate the refunds claimed based upon Traner's error.

16   3.20    KLN was formed in 2010.  KLN is named after the initials of the McNaughton's

17   children and, though he has no official employment, Mark McNaughton serves as an advisor to

18   KLN.

19   3.21    Defendant Kevin Ballard became the President of KLN.

20   3.22    Defendant Brian Holtzclaw became the General Counsel of KLN.

21   3.23    Both the McNaughtons and TMG made assignments of various real estate

22   projects to KLN in the 2010 timeframe regardless of whether they were owned directly by the

23   McNaughtons or by the McNaughtons through their ownership of TMG.

24

25

COMPLAINT TO QUIET TITLE, FOR DECLARATORY RELIEF
AND TO AVOID AND RECOVER TRANSFERS UNDER
BANKRUPTCY CODE SECTIONS 544, 547, 548, 550 AND RCW
19.40 ET SEQ. - 6

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

4295175.1

B.     The Assets.

3.24     In September 2008, one of the LLC's wholly-owned by the McNaughtons, Bear Creek Highlands, LLC, ("Bear Creek") sold approximately thirty (30) acres of real property located in Snohomish County, Washington to the Everett School District for a potential future school site.  The Everett School District paid $4,660,000 of the purchase price in the form of school mitigation credits granted to Bear Creek.

3.25     The school mitigation credits can be applied against school mitigation fees imposed on development proposals within the Everett School District's boundaries for a twenty (20) year period.

3.26     The school mitigation credits were originally owned by Bear Creek, not TMG. TMG had the employees, staff and resources to identify and negotiate with developers who would be interested in purchasing the mitigation credits, and TMG was in a position to use the credits in connection with its own projects.

3.27     TMG constructed a sewer lift station at approximately 180th Street SE and Sunset Road for use by the Silver Lake Water and Sewer District ("Silver Lake").  Pursuant to an October 7, 2009 Latecomers' Agreement with Silver Lake, TMG is entitled to "latecomers' fees" collected from the owners of properties that are benefited by and connect to the lift station constructed by TMG (the "Latecomer's Fees").

C.     The Transfers.

3.28     On January 22, 2010, the four Employee Defendants entered into an agreement titled "2006 Bonus Payment and Employee Promissory Note Amendment Agreement" (the "2010 Agreement").  At that time, the original March 1, 2007 promissory notes executed to each individual were in default.

COMPLAINT TO QUIET TITLE, FOR DECLARATORY RELIEF AND TO AVOID AND RECOVER TRANSFERS UNDER BANKRUPTCY CODE SECTIONS 544, 547, 548, 550 AND RCW 19.40 ET SEQ. - 7

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

4295175.1

1    3.29    As of January 22, 2010, the outstanding principal balances for the March 1,

2  2007 promissory notes (due and payable on October 31, 2007) were:  (1) Buss - $392,565.74;

3  (2) Askew - $391,868.06; (3) Ballard – $897,723.02; and (4) Holtzclaw - $392,498.24.

4    3.30    Pursuant to the 2010 Agreement, the McNaughtons paid $250,000, a portion of

5  a tax refund received from the IRS, to Ballard, Askew, Buss and Holtzclaw as follows and for

6  reducing the debt owed to the employees under the 2006 bonus agreement:  (a) Ballard –

7  $100,000; (b) Buss - $50,000; (c) Holtzclaw - $50,000; and (d) Askew - $50,000.

8    3.31    Also pursuant to the 2010 Agreement, TMG agreed to provide additional

9  security for payment of the outstanding principal balance due under the March 1, 2007

10  promissory notes in the form of security interests in the school mitigation credits and

11  Latecomer's Fees.

> 2.1    180th Street Lift Station Latecomers' Fees.  The Employees shall be
> provided the latecomers' fees as security for the obligations under this
> Agreement, and the Parties shall execute all other documents deemed
> reasonable or necessary to effectuate such security interest . . . .
>
> . . .
>
> b.  Any future proceeds from the latecomer fees would be distributed 50% to
> TMG and 50% to Employees in exchange for the Employee's release of their
> security interest in such distributed proceeds.
>
> c.  TMG and Employees agree that at any time the latecomer's agreement may
> be assigned, transferred, or entered into in the name of a new LLC entity to be
> formed [NewLLC], provided, that the Employee's security interest in the
> latecomer's fees shall be assigned to and assumed by such transferee.
>
> 2.2    Everett School District Impact Mitigation Fee Credits.  The Employees
> shall be provided the Impact Fee Credits as security for the obligations under
> this Agreement, and the Parties shall execute all other documents deemed
> reasonable or necessary to effectuate such security interest . . . .
>
> . . .
>
> b.  Any future proceeds from the sale of Impact Fee Credits by TMG to third
> parties shall be distributed 50% to TMG and 50% to Employees in exchange for
> the Employees' release of their security interest in such distributed proceeds.

COMPLAINT TO QUIET TITLE, FOR DECLARATORY RELIEF
AND TO AVOID AND RECOVER TRANSFERS UNDER
BANKRUPTCY CODE SECTIONS 544, 547, 548, 550 AND RCW
19.40 ET SEQ. - 8

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

4295175.1

c. TMG and Employees agree that at any time the Impact Fee Credits may be assigned, transferred or entered into the name of a new LLC entity to be formed [NewLLC], provided, that the Employee's security interest in the latecomers' fees shall be assigned to and assumed by such transferee.

3.32    Concurrent with the January 22, 2010 execution of the 2010 Agreement, two security agreements were executed. In one security agreement, TMG granted a security interest in favor of the Employee Defendants in 50% of the proceeds from any future sale of the school mitigation credits (the "2010 Credits Security Agreement"). In the other security agreement, TMG granted a security interest in favor of the Defendants in 50% of the proceeds from any future collection of the Latecomer's Fees (the "2010 Latecomer's Fees Security Agreement").

3.33    Both the 2010 Credits Security Agreement and 2010 Latecomer's Fees Security Agreement contain the following provision:

5.9    <u>No Impairment of Obligations.</u>  Until the Employee Promissory Notes have been paid in full, Debtor will not make any agreement which is inconsistent with its Obligations, nor sell, lease, or otherwise dispose of the Collateral (or any other material assets, if such assets are not also included as Collateral), other than in the ordinary course of business, unless Debtor has obtained the prior written consent of Secured Party, which consent will not be withheld unreasonably. Secured Party may, as a condition of giving consent, require that all or part of the proceeds be applied to the Notes as a prepayment.

3.34    No UCC-1 Financing Statement perfecting the security agreements was filed within 30 days of the security agreements being signed, nor prior to 2011.

3.35    On September 30, 2010, TMG and KLN signed an agreement titled Assignment and Assumption of Interest in School Mitigation Credits ("Credits Assignment Agreement"). Under the terms of the Credits Assignment Agreement, TMG assigned its right, interest and title to the school mitigation credits to KLN.

3.36    Paragraph 2.2 of the School Mitigation Credits Assignment Agreement provides for the assignment to KLN of all of TMG's rights, duties and obligations in and to the 2010

COMPLAINT TO QUIET TITLE, FOR DECLARATORY RELIEF AND TO AVOID AND RECOVER TRANSFERS UNDER BANKRUPTCY CODE SECTIONS 544, 547, 548, 550 AND RCW 19.40 ET SEQ. - 9

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

4295175.1

Credits Security Agreement, with the exception of TMG's obligations to pay the March 1, 2007 employee promissory notes.

> Subject to the terms of this Assignment, [KLN] hereby assumes the rights, duties and obligations of TMG as the "Debtor" under the Security Agreement; **provided, however**, that nothing in this Agreement shall constitute an assignment to [KLN] of [TMG]'s obligation to pay the Employee Promissory Notes . . . and the parties acknowledge and agree that the assignment of the Security Agreement is for purposes of continuing to provide the School Mitigation Credits as additional security pursuant to Section 2 of the [2010 Agreement].

3.37    In exchange for TMG's assignment to KLN of all of TMG's right, title and interest in the school mitigation credits, KLN agreed to pay 50% of any proceeds derived by KLN from the sale of the school mitigation credits to third parties after payment of any amounts due to the Employee Defendants under Paragraph 2.2a of the 2010 Agreement.

3.38    Prior to the execution of the Credits Assignment Agreement:  (a) TMG received 100% of the proceeds derived from the sale of the school mitigation credits; (b) TMG had a contractual obligation to the Employee Defendants to pay 50% of those proceeds to the Employee Defendants; (c) TMG was liable on the March 1, 2007 promissory notes; and (d) the Employee Defendants had an unperfected security interest in 50% of the school mitigation credits.

3.39    After the execution of the Credits Assignment Agreement:  (a) TMG received 25% of the proceeds derived from the sale of the school mitigation credits; (b) KLN received 75% of the proceeds derived from the sale of the school mitigation credits; (c) KLN had a contractual obligation to TMG to pay the Employee Defendants 50% of the school mitigation credits; (d) TMG was still liable on the March 1, 2007 promissory notes; and (e) the Employee Defendants had an unperfected security interest in the school mitigation credits.

3.40    On March 22, 2011, a UCC-1 financing statement was filed purporting to perfect defendants' security interest in the school mitigation credits that had been transferred to

COMPLAINT TO QUIET TITLE, FOR DECLARATORY RELIEF AND TO AVOID AND RECOVER TRANSFERS UNDER BANKRUPTCY CODE SECTIONS 544, 547, 548, 550 AND RCW 19.40 ET SEQ. - 10

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

4295175.1

KLN. On that same day, a UCC-1 financing statement was filed purporting to perfect defendants' security interest in the Latecomer's Fees listing TMG as the debtor and the defendants as the secured creditors.

3.41    On July 1, 2011, the Everett School District, TMG and KLN entered into the First Amendment to the Agreement Regarding Dedication of Land as School Impact Mitigation (the "July 2011 Amendment"). The July 2011 Amendment memorialized the transfer of the school mitigation credits from TMG to KLN, and the Everett School District's knowledge and approval of that transfer.

3.42    On March 12, 2012 another UCC-1 was filed reflecting KLN's ownership in the school mitigation credits and amended that same day to attach the July 2011 Amendment.

3.43    According to the Debtor's records, the following payments were made to Askew prior to the TMG bankruptcy petition date:

| 04/01/2010 | ASKEW-NOTE PMT/INT | 6,197.91 |
| 05/01/2010 | Note payment - Askew | 6,141.80 |
| 06/01/2010 | INT AND NOTE PMT-ASKEW | 6,161.81 |
| 07/01/2010 | ASKEW NOTE/INT PAYMENT | 6,106.87 |
| 08/02/2010 | Askew-note and int | 6,125.72 |
| 09/01/2010 | ASKEW NOTE INT | 6,107.67 |
| 10/04/2010 | ASKEW INT AND NOTE | 6,054.47 |
| 11/01/2010 | ASKEW INT AND NOTE | 3,571.57 |
| 02/01/2011 | INT - ASKEW | 1,062.55 |
| 03/01/2011 | ASKEW INT ON NOTE | 959.72 |
| 04/01/2011 | ASKEW-INT ON NOTE | 1,062.55 |
|  | INT ON NOTE-ASKEW | 1,028.27 |

COMPLAINT TO QUIET TITLE, FOR DECLARATORY RELIEF AND TO AVOID AND RECOVER TRANSFERS UNDER BANKRUPTCY CODE SECTIONS 544, 547, 548, 550 AND RCW 19.40 ET SEQ. - 11

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

4295175.1

| | | | | |
|---|---|---|---|---|
| 05/19/2011 | | | | |
| 06/01/2011 | A/P Check | | 1,062.55 | |
| 07/01/2011 | A/P Check | | 1,028.27 | |
| 08/01/2011 | A/P Check | | 1,062.55 | |
| 09/01/2011 | A/P Check | | 1,062.55 | |
| 10/01/2011 | A/P Check | | 1,011.51 | |
| 11/01/2011 | A/P Check | | 1,032.97 | |
| | | | 56,841.31 | |

3.44    According to the Debtor's records, the following payments were made to Ballard prior to the TMG bankruptcy petition date:

| | | |
|---|---|---|
| 04/01/2010 | Ballard int and note payment | 12,807.26 |
| 05/01/2010 | Note payment - Ballard | 12,681.77 |
| 06/01/2010 | INT AND NOTE PMT-BALLARD | 12,735.07 |
| 07/01/2010 | BALLARD INT/NOTE PMT | 12,611.91 |
| 08/02/2010 | Ballard int and note payment | 12,662.88 |
| 09/01/2010 | BALLARD INT NOTE | 12,626.78 |
| 10/04/2010 | BALLARD INT AND NOTE | 12,507.11 |
| 11/01/2010 | BALLARD - INT AND NOTE | 5,054.59 |
| 02/01/2011 | INT - BALLARD | 2,545.57 |
| 03/01/2011 | BALLARD INT ON NOTE | 2,299.22 |
| 04/01/2011 | BALLARD-INT ON NOTE | 2,545.57 |
| 05/19/2011 | INT ON NOTE-BALLARD | 2,463.45 |
| | A/P Check | 2,545.57 |

COMPLAINT TO QUIET TITLE, FOR DECLARATORY RELIEF
AND TO AVOID AND RECOVER TRANSFERS UNDER
BANKRUPTCY CODE SECTIONS 544, 547, 548, 550 AND RCW
19.40 ET SEQ. - 12

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

4295175.1

| | | | |
|---|---|---|---|
| 1 | 06/01/2011 | | |
| 2 | 07/01/2011 | A/P Check | 2,463.45 |
| 3 | 08/01/2011 | A/P Check | 2,545.57 |
| 4 | 09/01/2011 | A/P Check | 2,545.57 |
| 5 | 10/01/2011 | A/P Check | 2,429.93 |
| 6 | 11/01/2011 | A/P Check | 2,492.28 |
| 7 | | | 118,563.55 |

3.45    According to the Debtor's records, the following payments were made to Buss prior to the TMG bankruptcy petition date:

| | | |
|---|---|---|
| 04/01/2010 | Buss- note payment/int | 6,200.43 |
| 05/01/2010 | Note payment - Buss | 6,144.24 |
| 05/01/2010 | A/P Check | 142.34 |
| 06/01/2010 | INT AND NOTE PMT-BUSS | 6,164.33 |
| 07/01/2010 | BUSS INT/NOTE PYMT | 6,109.30 |
| 08/02/2010 | Buss int and note payment | 6,128.23 |
| 09/01/2010 | BUSS INT NOTE | 6,110.19 |
| 10/04/2010 | BUSS INT AND NOTE | 6,056.91 |
| 11/01/2010 | BUSS INT AND NOTE PMT | 3,574.09 |
| 02/01/2011 | INT - BUSS | 1,065.07 |
| 03/01/2011 | BUSS - INT ON NOTE | 962.00 |
| 04/01/2011 | BUSS-INT ON NOTE | 1,065.07 |
| 05/19/2011 | INT ON NOTE-BUSS | 1,030.71 |
| | A/P Check | 1,065.07 |

COMPLAINT TO QUIET TITLE, FOR DECLARATORY RELIEF
AND TO AVOID AND RECOVER TRANSFERS UNDER
BANKRUPTCY CODE SECTIONS 544, 547, 548, 550 AND RCW
19.40 ET SEQ. - 13

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

4295175.1

| | | |
|---|---|---|
| 06/01/2011 | | |
| 07/01/2011 | A/P Check | 1,030.71 |
| 08/01/2011 | A/P Check | 1,065.07 |
| 09/01/2011 | A/P Check | 1,065.07 |
| 10/01/2011 | A/P Check | 1,013.95 |
| 11/01/2011 | A/P Check | 1,035.52 |
| | | 57,028.30 |

3.46    According to the Debtor's records, the following payments were made to Holtzclaw prior to the TMG bankruptcy petition date:

COMPLAINT TO QUIET TITLE, FOR DECLARATORY RELIEF
AND TO AVOID AND RECOVER TRANSFERS UNDER
BANKRUPTCY CODE SECTIONS 544, 547, 548, 550 AND RCW
19.40 ET SEQ. - 14

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

4295175.1

| | | |
|---|---|---|
| 04/01/2010 | Holtzclaw-int/note pmt | 6,200.90 |
| 04/08/2010 | A/P Check | 21.00 |
| 05/01/2010 | Note payment - Holtzclaw | 6,144.70 |
| 05/11/2010 | A/P Check | 70.50 |
| 06/01/2010 | INT AND NOTE PMT-HOLTZCLAW | 6,164.81 |
| 06/10/2010 | A/P Check | 64.00 |
| 07/01/2010 | HOLTZCLAW INT/NOTE PMT | 6,109.77 |
| 07/08/2010 | A/P Check | 271.13 |
| 08/02/2010 | Holtzclaw - int and note pmt | 6,128.71 |
| 08/11/2010 | A/P Check | 38.00 |
| 09/01/2010 | HOLTZCLAW INT NOTE | 6,110.66 |
| 09/10/2010 | A/P Check | 101.00 |
| 10/04/2010 | HOLTZCLAW NOTE AND INT | 6,057.37 |
| 10/12/2010 | A/P Check | 139.50 |
| 11/01/2010 | HOLTZCLAW INT AND NOTE | 6,074.57 |
| 11/09/2010 | A/P Check | 97.00 |
| 12/16/2010 | A/P Check | 42.00 |
| 02/01/2011 | INT - HOLTZCLAW | 1,056.52 |
| 02/01/2011 | A/P Check | 32.00 |
| 02/07/2011 | A/P Check | 45.00 |
| 03/01/2011 | HOLTZCLAW INT ON NOTE | 954.28 |
| 03/10/2011 | A/P Check | 238.50 |

COMPLAINT TO QUIET TITLE, FOR DECLARATORY RELIEF
AND TO AVOID AND RECOVER TRANSFERS UNDER
BANKRUPTCY CODE SECTIONS 544, 547, 548, 550 AND RCW
19.40 ET SEQ. - 15

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

4295175.1

| | | |
|---|---|---:|
| 04/01/2011 | HOLTZCLAW-INT ON NOTE | 1,056.52 |
| 04/13/2011 | A/P Check | 73.66 |
| 05/18/2011 | A/P Check | 70.77 |
| 05/19/2011 | INT ON NOTE-HOLTZCLAW | 1,022.44 |
| 06/01/2011 | A/P Check | 1,056.52 |
| 06/01/2011 | A/P Check | 88.74 |
| 07/01/2011 | A/P Check | 1,022.44 |
| 07/12/2011 | A/P Check | 185.52 |
| 08/01/2011 | A/P Check | 1,056.52 |
| 08/02/2011 | A/P Check | 103.79 |
| 09/01/2011 | A/P Check | 1,056.52 |
| 10/01/2011 | A/P Check | 1,001.04 |
| 11/01/2011 | A/P Check | 1,026.86 |
| | | 60,983.26 |

3.47    On March 21, 2012, TMG filed for voluntary Chapter 7 bankruptcy protection.

3.48    The Trustee anticipates additional transfers to the defendants will be revealed during discovery.

3.49    The Employee Defendants each filed proofs of claim in the TMG bankruptcy proceeding.

3.50    Claim Number 7 in the TMG bankruptcy was filed by Richard Buss on or about July 24, 2012.

COMPLAINT TO QUIET TITLE, FOR DECLARATORY RELIEF
AND TO AVOID AND RECOVER TRANSFERS UNDER
BANKRUPTCY CODE SECTIONS 544, 547, 548, 550 AND RCW
19.40 ET SEQ. - 16

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

4295175.1

1    3.51    Richard Buss asserted a secured claim in the amount of $275,250 relating to
2  "Note for past wages."

3    3.52    Richard Buss' Claim asserts that the basis for the perfection of his purported
4  security interest was a "Security agreement."

5    3.53    Claim Number 10 in the TMG bankruptcy was filed by Defendant Brian
6  Holtzclaw on or about July 27, 2012.

7    3.54    Defendant Holtzclaw asserts a secured claim in the amount of $274,459 relating
8  to "promissory note for unpaid wages due in 2007."

9    3.55    Defendant Holtzclaw's Claim asserts a security interest in "50% of TMG's
10  interest in latecomers' fees and school mitigation credits."

11    3.56    Claim Number 11 in the TMG bankruptcy was filed by Defendant Kelly Askew
12  on or about July 30, 2012.

13    3.57    Defendant Askew asserts a secured claim in the amount of $276,158.71 relating
14  to "Employee Promissory Note."

15    3.58    Defendant Askew asserts a security interest in 50% of TMG's interest in
16  latecomers' fees and school mitigation credits.

17    3.59    According to the claims filed by the Defendants, TMG made payments to
18  Askew on January 5, 2012, January 31, 2012, February 17, 2012, February 21, 2012 and
19  February 22, 2012.

20    3.60    Claim Number 15 in the TMG bankruptcy was filed by Defendant Ballard on or
21  about August 1, 2012.

22    3.61    Defendant Ballard asserts a secured claim in the amount of $671,194 relating to
23  "Employee Bonus."

24

25

COMPLAINT TO QUIET TITLE, FOR DECLARATORY RELIEF
AND TO AVOID AND RECOVER TRANSFERS UNDER
BANKRUPTCY CODE SECTIONS 544, 547, 548, 550 AND RCW
19.40 ET SEQ. - 17

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

4295175.1

1

3.62    Defendant Ballard asserts a security interest in 50% of TMG's interest in

2

latecomers' fees and school mitigation credits.

3

## IV. FIRST AND SECOND CAUSES OF ACTION
## RCW 19.40.051 AND 11 U.S.C. § 547

4

4.1    All transfers from TMG to each of the defendants after March 21, 2011,

5

including each of the March 22, 2011 filings of the UCC-1 financing statements ostensibly

6

perfecting the security interest in the school mitigation credits and Latecomer's Fees, and each

7

payment of interest or principal by TMG to each of the Defendants and/or KLN were

8

constructively fraudulent as to creditors whose claims arose before the transfer was made and

9

by the trustee because the transfers were made to an insider for an antecedent debt and the

10

debtor was insolvent at the time of the transfers.  TMG had reasonable cause to believe that it

11

was insolvent and that knowledge is attributable to each of the Defendant insiders.

12

4.2    Each of the Defendants were closely related to TMG and their close relationship

13

provided an advantage to them as opposed to other creditors.  The transfers identified were not

14

conducted at arm's length.

15

4.3    All transfers from TMG to each of the defendants after March 21, 2011,

16

including each of the March 22, 2011 filings of the UCC-1 financing statements ostensibly

17

perfecting the security interest in the school mitigation credits and Latecomer's Fees, and each

18

payment of interest or principal by TMG to each of the Defendants and/or KLN were transfers

19

made to insiders of TMG within one year before the March 21, 2012 filing of the TMG

20

bankruptcy petition.

21

4.4    The transfers made to the Defendants and/or KLN within the year prior to the

22

filing of TMG's bankruptcy petition were transfers: (a) of interests in Debtor's property; (b) to

23

the Defendants; (c) made on account of an antecedent debt owed by TMG to the Defendants;

24

(d) made at a time when Debtor was insolvent; and (e) if validated would enable Defendants to

25

COMPLAINT TO QUIET TITLE, FOR DECLARATORY RELIEF
AND TO AVOID AND RECOVER TRANSFERS UNDER
BANKRUPTCY CODE SECTIONS 544, 547, 548, 550 AND RCW
19.40 ET SEQ. - 18

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

4295175.1

receive more than they would have received had the transfers not been made and had Defendants otherwise received distributions from the estate pursuant to the Bankruptcy Code.

4.5     According to the claims filed by the Defendants', TMG made payments to Askew on January 5, 2012, January 31, 2012, February 17, 2012, February 21, 2012 and February 22, 2012.

4.6     These 2012 transfers were made within ninety (90) days prior to the date of the bankruptcy petition date.

4.7     The January and February transfers were transfers: (a) of interests in Debtor's property; (b) to Askew; (c) made on account of an antecedent debt owed by Debtor to Askew; (d) made at a time when Debtor was insolvent; and (e) if validated would enable Askew to receive more than she would have received had the 2012 transfers not been made and had Askew otherwise received distributions from the estate pursuant to the Bankruptcy Code.

4.8     The Askew 2012 transfers are therefore preferential and Plaintiff is entitled to avoid the Askew 2012 transfers under 11 U.S.C. § 547.

4.9     On information and belief, similar payments were made within the 90 day preference period to the other named Defendants, and are subject to avoidance as preferences under 11 U.S.C. § 547.

## V.  THIRD AND FOURTH CAUSES OF ACTION
### RCW 19.40.041(A)(1) AND 11 U.S.C. § 548(A)(1)(A)

5.1     The transfers made by the debtor to the Defendants after March 22, 2010, including the granting of a security interest in the school mitigation credits and the Latecomer's Fees, the subsequent filing of any financing statements, and any payments of interest and/ or principal, are avoidable under RCW 19.40.041 and/ or 11 USC § 548(a)(1)(A).

COMPLAINT TO QUIET TITLE, FOR DECLARATORY RELIEF AND TO AVOID AND RECOVER TRANSFERS UNDER BANKRUPTCY CODE SECTIONS 544, 547, 548, 550 AND RCW 19.40 ET SEQ. - 19

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

4295175.1

1    5.2     The transfers made and the obligations incurred by the debtor were done with

2 actual intent to hinder, delay, or defraud a creditor of the debtor, the transfers and obligations

3 were directly or indirectly to or for the benefit of Defendant insiders.

4    5.3     The Debtor had been sued or anticipated being sued prior to the transfers.

5    5.4     TMG was insolvent; it had previously ostensibly transferred significant assets

6 into KLN, a related entity.

7    5.5     The value of the consideration received by the debtor from the Defendants in

8 exchange for the ostensible transfers was not equivalent to the value of the assets transferred or

9 the amount of the obligation incurred by the debtor.

## VI.  FIFTH AND SIXTH CAUSES OF ACTION
### RCW 19.40.041(A)(2) AND 11 U.S.C. § 548(A)(1)(B)

6.1     The transfers made by the debtor to the Defendants after March 22, 2010,

including the granting of a security interest in each of the school mitigation credits and the

Latecomer's Fees, the subsequent filing of any financing statements, and any payments of

interest and/ or principal, are avoidable under RCW 19.40.041 and 11 U.S.C. § 548(a)(1)(B).

6.2     All the transfers made and obligations incurred by the debtor to Defendants and

KLN were fraudulent as to creditors, whether the creditors' claim arose before or after the

transfers were made or the obligations were incurred.

6.3     The debtor made the transfers and/ or incurred the obligations without receiving

a reasonably equivalent value in exchange for the transfers or obligations and the debtor

believed or reasonably should have believed that he already owed, or would incur, debts

beyond his ability to pay as they became due.

6.4     The debtor had ostensibly transferred significant assets to KLN in 2010.  The

debtor was insolvent at all times pertinent hereto.

COMPLAINT TO QUIET TITLE, FOR DECLARATORY RELIEF
AND TO AVOID AND RECOVER TRANSFERS UNDER
BANKRUPTCY CODE SECTIONS 544, 547, 548, 550 AND RCW
19.40 ET SEQ. - 20

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

4295175.1

6.5     The debtor's continued development of property could not be sustained with its remaining assets.

6.6     The debtor continued to incur debts that were beyond the debtor's ability to pay.

6.7     The granting of a security interest in the school mitigation credits and Latecomer's Fees, and subsequent perfection of that security interest, were made to benefit each of the defendant insiders pursuant to a profit sharing employment contract outside the ordinary course of business.

6.8     It is anticipated that discovery may reveal additional voidable transfers.

VII.   SEVENTH CAUSE OF ACTION – RECOVERY OF AVOIDED TRANSFERS (11 U.S.C. § 550)

7.1     Plaintiff realleges paragraphs 1.1 through 6.8.

7.2     Defendants are the "initial transferees" of the transfers identified in the foregoing paragraphs, as that phrase is used in 11 U.S.C. § 550(a)(1).

7.3     Alternatively, Defendants are the subsequent transferees of the transfers identified in the foregoing paragraphs, including without limitation the transfers to KLN.

7.4     Unless otherwise determined after a trial, pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover from Defendants the sum total of the transfers made to the Defendants and/or the interests transferred, plus interest thereon to the date of payment and the costs of this action.

VIII.  EIGHTH AND NINTH CAUSES OF ACTION – QUIET TITLE AND DECLARATORY RELIEF REGARDING VALIDITY OF PERFECTION OF SECURITY INTERESTS IN SCHOOL MITIGATION CREDITS

8.1     Plaintiff realleges paragraphs 1.1 through 7.4.

8.2     A security interest is an interest in personal property which secures the payment or performance of an obligation.

8.3     A security interest is unenforceable where there is no underlying debt.

COMPLAINT TO QUIET TITLE, FOR DECLARATORY RELIEF
AND TO AVOID AND RECOVER TRANSFERS UNDER
BANKRUPTCY CODE SECTIONS 544, 547, 548, 550 AND RCW
19.40 ET SEQ. - 21

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

4295175.1

8.4    TMG granted a security interest in favor of the Employee Defendants for the purpose of securing TMG's obligations under the March 1, 2007 employee promissory notes.

8.5    Paragraph 2.2 of the School Mitigation Credits Assignment Agreement expressly provides that the obligations of TMG under the March 1, 2007 employee promissory notes were not transferred to KLN under the School Mitigation Credits Assignment Agreement.

8.6    TMG and not KLN is the debtor with respect to the March 1, 2007 employee promissory notes and the interests in the school mitigation credits that secure the March 1, 2007 obligations.

8.7    Perfection of a security interest in the school mitigation credits required the filing of a financing statement that identified the debtor.  RCW 62A.9A-503.

8.8    No valid UCC-1 financing statement was ever filed by the Employee Defendants with respect to the school mitigation credits since: (a) TMG, and not KLN, was liable on the March 1, 2007 employee promissory notes; (b) the obligations secured by the interests in the school mitigation credits (and Latecomers' fees) were the March 1, 2007 employee note obligations; and (c) the March 22, 2011 UCC-1 financing statement identifies "KLN Construction, Inc." as the debtor and not TMG.

8.9    The Employee Defendants failed to perfect their security interests in the school mitigation credits.

8.10    Alternatively, in Washington, fraudulent transfers are voidable and not void *ab initio*.  A security interest that is perfected after the fraudulent transfer of property does not automatically attach to that property.  The first creditor to file an action to avoid the fraudulent transfer takes priority in the fraudulently transferred property.

COMPLAINT TO QUIET TITLE, FOR DECLARATORY RELIEF
AND TO AVOID AND RECOVER TRANSFERS UNDER
BANKRUPTCY CODE SECTIONS 544, 547, 548, 550 AND RCW
19.40 ET SEQ. - 22

4295175.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1

8.11    Alternatively, the school mitigation credits were fraudulently transferred to

2    KLN prior to the Employee Defendants' perfection of their security interests in the school

3    mitigation credits.

4        8.12    Klein, in his capacity as the Chapter 7 Trustee for the bankruptcy estate of TMG

5    and a hypothetical lien creditor, is the first creditor to file an action to avoid the transfers to

6    KLN and as such has superior right, title and interest in the fraudulently transferred property.

7    IX.  TENTH, ELEVENTH, TWELFTH AND THIRTEENTH CAUSES OF ACTION –
         OBJECTION TO AND DISALLOWANCE OF CLAIM NUMBERS 7, 10, 11 AND 15

8

9        9.1    Plaintiff realleges paragraphs 1.1 through 8.12.

10        9.2    The security interests asserted by Askew, Ballard, Buss, and Holtzclaw were

11    never perfected under Washington law.

12        9.3    To the extent Askew, Ballard, Buss and Holtzclaw received a perfected security

13    interest in the assets of TMG, the receipt of such perfected security interests was a result of

14    avoidable transfers and the claims of the Employee Defendants are disallowable pursuant to 11

15    U.S.C. § 502(d).

16        9.4    Askew, Ballard, Buss and Holtzclaw have failed to provide any basis for a

17    perfected secured claim against TMG.

18        9.5    Alternatively, the claims asserted by Askew, Ballard, Buss and Holtzclaw are

19    not secured against property of the Debtor.

20                              X.  PRAYER FOR RELIEF

21        Having alleged causes of action to avoid transfers from the debtor to or for the benefit

22    of the Employee Defendants, plaintiff PRAYS FOR RELIEF as follows:

23        10.1    For avoidance of the transfers identified and for such other voidable transfers as

24    are identified through discovery;

25

COMPLAINT TO QUIET TITLE, FOR DECLARATORY RELIEF          **Williams, Kastner & Gibbs PLLC**
AND TO AVOID AND RECOVER TRANSFERS UNDER                  601 Union Street, Suite 4100
BANKRUPTCY CODE SECTIONS 544, 547, 548, 550 AND RCW       Seattle, Washington 98101-2380
19.40 ET SEQ. - 23                                        (206) 628-6600

4295175.1

1        10.2    For a judgment in the amount of the voidable transfers initially received by

2  Defendants as a result of these transfers;

3        10.3    For an order preserving all transfers avoided hereunder for the benefit of the

4  Estate;

5        10.4    For judgment declaring that the Employee Defendants failed to validly perfect

6  their security interests in the school mitigation credits;

7        10.5    For an order disallowing Claim Numbers 7, 10, 11 and 15;

8        10.6    For such other and further damages and equitable relief as is allowed under 11

9  U.S.C. § 550, and as the Court deems just and appropriate.

DATED this 22nd day of May, 2014.

s/Manish Borde, WSBA #39503
Scott B. Henrie, WSBA #12673
Manish Borde, WSBA #39503
Attorneys for Michael P. Klein, Chapter 7 Trustee
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone: (206) 628-6600
Fax: (206) 628-6611
shenrie@williamskastner.com
mborde@williamskastner.com

COMPLAINT TO QUIET TITLE, FOR DECLARATORY RELIEF
AND TO AVOID AND RECOVER TRANSFERS UNDER
BANKRUPTCY CODE SECTIONS 544, 547, 548, 550 AND RCW
19.40 ET SEQ. - 24

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

4295175.1

Case 14-01225-KAO   Doc 1   Filed 05/22/14   Ent. 05/22/14 10:25:13   Pg. 24 of 25

## PROOF OF SERVICE

The undersigned hereby certifies that on May 22, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants.

DATED this 22nd day of May, 2014.

s/ Manish Borde, WSBA #39503
Scott B. Henrie, WSBA #12673
Manish  Borde, WSBA #39503
Attorneys for Michael P. Klein, Chapter 7 Trustee
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone:  (206) 628-6600
Fax:  (206) 628-6611
shenrie@williamskastner.com
mborde@williamskastner.com

COMPLAINT TO QUIET TITLE, FOR DECLARATORY RELIEF
AND TO AVOID AND RECOVER TRANSFERS UNDER
BANKRUPTCY CODE SECTIONS 544, 547, 548, 550 AND RCW
19.40 ET SEQ. - 25

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

4295175.1