# EXHIBIT A

CL16033095

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SNOHOMISH

| | | |
|---|---|---|
| In the Matter of the Estate of | ) | NO. **13 4 00302 9** |
| | ) | |
| RICHARD F. BUSS, | ) | ORDER ADMITTING WILL TO |
| | ) | PROBATE AND CERTIFICATE OF |
| | ) | TESTIMONY |
| Deceased. | ) | RCW 11.20.020, 11.28.185 |

The Application for Probate of Will of the above-named decedent has been presented on behalf of JANNETTE M. WEIMER, aka JANETTE M. WEIMER. The court finds:

1.      Decedent died on February 8, 2013, a resident of Snohomish County, Washington, and left an estate subject to the jurisdiction of the court.

2.      The decedent's Will dated January 31, 2005 (the "Will") was executed in accordance with RCW 11.12.020 by decedent, who had attained the age of majority and was of sound mind.

3.      The Will provides that the personal representative to be appointed shall act without bond.

4.      JANNETTE M. WEIMER, aka JANETTE M. WEIMER is qualified and willing to act as personal representative. JANNETTE M. WEIMER aka JANETTE M. WEIMER is not a resident of the State of Washington, and will appoint a Resident Agent.

**Certificate and Order**

IT IS ORDERED:

A.      The testimony of PETER W. BENNETT and ANGELIA D. CHRISTENSEN reduced to writing and signed by them as witnesses is accepted as the testimony in support of the Will;

Order Admitting Will to Probate
and Certificate of Testimony -1-
adc/clients/Buss-Richard Estate/order.doc/2/21/2013

**BENNETT & BENNETT**
ATTORNEYS AT LAW
400 DAYTON, SUITE A
EDMONDS, WASHINGTON 98020

ORIGINAL

( 1 )      A-1

(425) 776-0139

B.     The offered Will is established as the last Will of decedent and admitted to probate;

C.     JANNETTE M. WEIMER aka JANETTE M. WEIMER is appointed as personal representative of the Will to act without bond; and

D.     The clerk of the court is authorized to issue Letters Testamentary evidencing the appointment of JANNETTE M. WEIMER aka JANETTE M. WEIMER as personal representative.

E.     PETER W. BENNETT, Attorney at Law, WSBA #14267, is hereby approved as the designated Resident Agent for the Personal Representative.

DATED this _____ day of _____ MAR 0 1 2013 _____, 2013.


_____
~~Judge~~/Court Commissioner

Presented by: *Ungh Bennett, WSBA #16130, Fw:*

_____
PETER W. BENNETT, WSBA #14267
Attorney for Personal Representative
400 Dayton, Suite A
Edmonds, WA 98020
(425) 776-0139

Order Admitting Will to Probate
and Certificate of Testimony -2-
adc/clients/Buss-Richard Estate/order.doc/2/21/2013

BENNETT & BENNETT
ATTORNEYS AT LAW
400 DAYTON, SUITE A
EDMONDS, WASHINGTON 98020

(425) 776-0139

A-2

Case 14-01225-KAO    Doc 11-1    Filed 08/06/14    Ent. 08/06/14 10:35:30    Pg. 3 of 58



# EXHIBIT B

**FILED**

DEC 0 4 2013

SONYA KRASKI
COUNTY CLERK
SNOHOMISH CO. WASH.

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SNOHOMISH

| | | |
|---|---|---|
| In the Matter of the Estate of | ) | NO. 13 4 00302 9 |
| | ) | |
| RICHARD F. BUSS, | ) | AFFIDAVIT OF PUBLICATION |
| | ) | |
| Deceased. | ) | |

Attached please find a copy of the Affidavit of Publication of Notice to Creditors in the above referenced estate.

DATED this 29 day of March, 2013.

PETER W. BENNETT, WSBA #14267

**FILE COPY**

BENNETT & BENNETT
ATTORNEYS AT LAW
400 DAYTON, SUITE A
EDMONDS, WASHINGTON 98020
(425) 776-0139

B-3

## Legal Notice

IN THE SUPERIOR COURT OF
THE STATE OF WASHINGTON
IN AND FOR THE
COUNTY OF SNOHOMISH
In the Matter of the Estate of
RICHARD F. BUSS,
                                    Deceased.

NO. 13-4-00302-9

PROBATE NOTICE TO CREDITORS
The personal representative named below
has been appointed as personal representa-
tive of this estate. Any person having a
claim against the decedent must, before
the time the claim would be barred by any
otherwise applicable statute of limitations,
present the claim in the manner as provided
in RCW 11.40.070 by serving on or mail-
ing to the personal representative or the
personal representative's attorney at the
address stated below a copy of the claim
and filing the original of the claim with the
court. The claim must be presented within
the later of: (1) Thirty days after the personal
representative served or mailed the notice
to the creditor as provided under RCW
11.40.020(3); or (2) four months after the
date of first publication of the notice. If
the claim is not presented within this time
frame, the claim is forever barred, except
as otherwise provided in RCW 11.40.051
and 11.40.060. This bar is effective as to
claims against both the decedent's probate
and nonprobate assets.
Date of first publication: 3/13/13
Date of Filing Notice with Clerk: 3/11/13
JANNETTE M. WEINER,
aka Janette M. Weiner,
Personal Representative of the Estate
of Richard F. Buss
c/o Peter W. Bennett, 400 Dayton, Suite A,
Edmonds, WA 98020
Peter W. Bennett, WSBA #14267
of Bennett & Bennett
400 Dayton Suite A
Edmonds, WA 98020
(425) 776-0139
Published March 13, 20 and 27, 2013
E8101

# AFFIDAVIT OF PUBLICATION

STATE OF WASHINGTON
ss.
COUNTY OF SNOHOMISH
   Joanne Cole
being first sworn on oath deposes and says
that she is the principal clerk of The Tribune, a
weekly newspaper. That said newspaper has been
approved as a legal newspaper by order of the
Superior Court of Snohomish County; and it is
now, and has been for more than six months prior
to the date of the publication hereinafter referred
to, published in the English language continually
as a weekly newspaper in Snohomish, Snohomish
County, Washington, and it is now, and was
during all of said time, printed in an office
maintained at the aforesaid place of publication of
said newspaper.
That the annexed is true of a copy of a(n)
Richard F. Buss notice to creditors as it was
published in regular issues (and not in
supplemental form) of said newspaper once a
week for a period of 3 consecutive weeks,
commencing on the 13th day of March, 2013, and
ending on the 27th day of March, 2013, both dates
inclusive, and that such newspaper was regularly
distributed to its subscribers during all of said
period. That the full amount of the fee charged for
the foregoing publication is the sum of $217.80
which amount has been paid in full, at the rate of
$13.20 per column inch.

_Joanne Cole_

Subscribed is sworn to before me this 27th day of
March 2013

_Eileen Sykes_
Notary Public in and for the State of Washington,
residing in Snohomish.

EILEEN SYKES
COMMISSION EXPIRES
NOTARY
PUBLIC
12-15-2014
STATE OF WASHINGTON

B-4

# EXHIBIT C

FILED

DEC 2 6 2013

SONYA KRASKI
COUNTY CLERK
SNOHOMISH CO. WASH.

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SNOHOMISH

| | | |
|---|---|---|
| In the Matter of the Estate of | ) | NO. 13-4-00302-9 |
| | ) | |
| RICHARD F. BUSS, | ) | PERSONAL REPRESENTATIVE'S |
| | ) | AFFIDAVIT |
| Deceased. | ) | |

STATE OF Texas )
) ss
COUNTY OF Tarrant )

I, JANETTE M. WEIMER (aka Jannette M. Weimer), as Personal Representative of the above-entitled estate being first duly sworn, on oath say:

In accordance with RCW 11.40.040, I have exercised reasonable diligence to discover, within the four-month time limitation (expiring on 7-13-2013), reasonably ascertained creditors of the deceased.

I have conducted a reasonable review of the deceased's correspondence, including correspondence received after the date of death, and financial records, including personal financial statements, loan documents, checkbooks, bank statements and income tax returns, that are in the possession of or reasonably available to the Personal Representative, and have made inquiry of the deceased's heirs, devisees, and legatees regarding claimants.

Personal Representative's Affidavit -1-
adc/clients/Buss-Richard estate/PR-AFF.DOC/12/3/2013

BENNETT & BENNETT
ATTORNEYS AT LAW
400 DAYTON, SUITE A
EDMONDS, WASHINGTON 98020
(425) 776-0139

FILE COPY

That no claims on the above captioned estate have been filed and served. Other bills of the estate have been paid without creditor's claims.

DATED this 16 day of December, 2013.

Janette Weimer

JANETTE M. WEIMER, aka Jannette M.
Weimer, Personal Representative

SUBSCRIBED and SWORN to before me this 16th day of December, 2013.

Notary Public in and for the State of Texas
Residing at 1700 E Southlake Blvd Southlake TX 76092
My commission expires: Oct 6, 2014

TIM LEE BARNES.
Notary Public, State of Texas
My Commission Expires
October 6, 2014

Personal Representative's Affidavit -2-
adc/clients/Buss-Richard estate/PR-AFF.DOC/12/3/2013

BENNETT & BENNETT
ATTORNEYS AT LAW
400 DAYTON, SUITE A
EDMONDS, WASHINGTON 98020

(425) 776-0139

C-6

# EXHIBIT D

FILED

FEB 2 6 2014

SONYA KRASKI
COUNTY CLERK
SNOHOMISH CO. WASH.

SUPERIOR COURT OF WASHINGTON FOR SNOHOMISH COUNTY

In the Matter of the Estate of

Richard F. Buss,

           Deceased.

NO. 13-4-00302-9

CREDITOR'S CLAIM OF MICHAEL KLEIN, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATES OF THE McNAUGHTON GROUP, LLC AND MARK AND MARNA McNAUGHTON

RCW 11.40.070

1.   Claim.

    a. Claimant:  Michael Klein, Chapter 7 Trustee for the Bankruptcy Estates of The McNaughton Group, LLC and Mark and Marna McNaughton (Lead Case No. 12-11906-KAO).

       Address:   755 Winslow Way E., Suite #201 Bainbridge Island, WA 98110

    b. If claim is signed on behalf of the claimant:

       Name of signer:   Manish Borde of Williams, Kastner & Gibbs, PLLC
       Address of signer:   601 Union Street, Suite 4100, Seattle, WA 98101-2380

       Nature of authority:  Counsel for Michael Klein, Chapter 7 Trustee

CREDITOR'S CLAIM OF MICHAEL KLEIN, CHAPTER 7 TRUSTEE - 1

4653086.1

Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

WILLIAMS, KASTNER & GIBBS PLLC

*Manish Borde*

Manish Borde, WSBA #39503
Attorneys for Michael Klein, Chapter 7 Trustee for the
Bankruptcy Estates of The McNaughton Group, LLC and
Mark and Marna McNaughton
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Phone: (206) 628-6600 Fax: (206) 628-6611
Email: mborde@williamskastner.com

    c. Statement of facts or circumstances constituting the basis upon which claim is
submitted:

        See attached Complaint.

    d. Amount of claim: No less than $122,028.30

    e. If claim is secured, unliquidated or contingent, or not yet due, statement of nature of
security, statement of the uncertainty and due date of claim

        N/A

                        [CLAIMANT]

2. <u>Service</u>. Receipt of the claim is acknowledged on _____, 2014.


                                    _____

3. <u>Allowance by Personal Representative.</u>

  ☐  The claim is allowed for $_____ on _____, 20__.

  ☐  The claim is rejected on _____, 20__.


                          _____
                          [name], Personal Representative

CREDITOR'S CLAIM OF MICHAEL KLEIN, CHAPTER
7 TRUSTEE - 2

Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

4653086.1

D-8

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of February, 2014, I caused to be filed the foregoing with the Clerk of the Court, Snohomish County Superior Court.

Further, I hereby certify under penalty of perjury of the laws of the State of Washington that on the below date, I caused to be hand delivered via Legal Messenger a true and correct copy of the foregoing to the following:

Peter W. Bennett
BENNETT & BENNETT
Attorneys at Law
400 Dayton, Suite A
Edmonds, WA 98020
Telephone: (425) 776-0139

☒ Hand Delivery
   Via ABC Legal Messenger

DATED this 26th day of February, 2014.

_Dena S. Levitin_
Dena S. Levitin, Legal Assistant to
Manish Borde, WSBA #39503
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Phone: (206) 628-6600  Fax: (206) 628-6611

CREDITOR'S CLAIM OF MICHAEL KLEIN, CHAPTER 7 TRUSTEE - 3

4653086.1

**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

D-9

# ATTACHMENT

Scott B. Henrie, WSBA #12673
Manish Borde, WSBA #39503
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone: (206) 628-6600
Fax: (206) 628-6611
Attorneys for Michael P. Klein, Chapter 7
Trustee

The Honorable Karen A. Overstreet
Chapter 7

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| IN RE:<br>MARK ALLEN McNAUGHTON and MARNA LOUISE McNAUGHTON,<br>              Debtors.<br><br>IN RE:<br>THE McNAUGHTON GROUP, LLC<br>              Debtor.<br><br>MICHAEL P. KLEIN, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF THE McNAUGHTON GROUP, LLC<br><br>         Plaintiff,<br><br>  v.<br><br>JANNETTE M. WEIMER, Personal Representative of the Estate of Richard F. Buss; JANE DOE BUSS, individually and on behalf of her marital community,<br><br>         Defendants. | Lead Case No. 12-11906 KAO<br>Member Case No. 12-12823 KAO<br>(administratively consolidated)<br><br><br><br>Adv. No. _____<br><br><br>COMPLAINT TO QUIET TITLE, FOR DECLARATORY RELIEF AND TO AVOID AND RECOVER TRANSFERS UNDER BANKRUPTCY CODE SECTIONS 544, 547, 548, 549, 550 AND RCW 19.40 ET SEQ. |

Michael P. Klein ("Trustee"), in his capacity as Chapter 7 Trustee of the Bankruptcy

Estate of The McNaughton Group, LLC, by and through his attorneys, Williams, Kastner &

Gibbs PLLC, for the benefit of creditors of the above-captioned Bankruptcy Estate, seeks to

COMPLAINT TO QUIET TITLE, FOR DECLARATORY RELIEF
AND TO AVOID AND RECOVER TRANSFERS UNDER
BANKRUPTCY CODE SECTIONS 544, 547, 548, 549, 550 AND
RCW 19.40 ET SEQ. - 1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

4653435.2

1 avoid both the preferential and subsequent transfers of the avoidable transfers of the Debtor's

2 property to or for the benefit of Richard Buss ("Buss").

## I. JURISDICTION AND VENUE

4     1.1    This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B), (C), (E), (F)

5 (H), (K) and (O).

6     1.2    This Court has jurisdiction to hear this complaint pursuant to 28 U.S.C. § 157(a)

7 and (b), 28 U.S.C. § 1334(a) and (b), and 11 U.S.C. § § 105, 544, 547, 548, 549, 550 and 551.

8 A creditor's claim was filed in Snohomish County Superior Court on or about February 26,

9 2014.

10     1.3    This matter has been referred to the Bankruptcy Judges of the District pursuant

11 to General Rule 7 of the Rules for the United States District Court for the Western District of

12 Washington.

13     1.4    Venue is proper under 28 U.S.C. § 1409.

## II. PARTIES

15     2.1    <u>Debtor</u>. Mark and Marna McNaughton (the "McNaughtons") are a married

16 couple who reside in Edmonds, Washington, and filed for Chapter 7 bankruptcy protection on

17 February 28, 2012. Michael Klein was appointed trustee. On March 21, 2012, Mr. Klein filed

18 a voluntary Chapter 7 bankruptcy petition on behalf of The McNaughton Group, LLC

19 ("Debtor" or "TMG"). The McNaughtons' personal bankruptcies and The McNaughton Group

20 bankruptcy were consolidated for administration purposes pursuant to this Court's August 6,

21 2013 Order.[1]

22

23

24

25 ─────────────────────
[1] Dkt. #145.

COMPLAINT TO QUIET TITLE, FOR DECLARATORY RELIEF
AND TO AVOID AND RECOVER TRANSFERS UNDER
BANKRUPTCY CODE SECTIONS 544, 547, 548, 549, 550 AND
RCW 19.40 ET SEQ. - 2

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

4653435.2

1      2.2    <u>Trustee</u>. Michael Klein is the Chapter 7 Trustee of the above captioned

2 proceeding. The trustee is authorized to bring this action pursuant to 11 U.S.C. § § 105, 544,

3 547, 548, 550 and 551, and does so solely in his capacity as trustee for TMG.

4      2.3    <u>Defendant Jannette M. Weimer</u>. Ms. Weimer is the personal representative of

5 the probate estate of Richard F. Buss. Ms. Weimer is a Washington resident. The Buss estate

6 is currently in probate in Snohomish County Superior Court Case No. 13-4-00302-9. The

7 Trustee filed a claim in the probate estate on or about February 26, 2014. Buss filed a claim in

8 The McNaughton Group, LLC ("TMG") bankruptcy proceeding.[2] Buss worked at TMG prior

9 to working at KLN Construction, Inc. ("KLN"), which was formed in 2010. The Buss probate

10 estate has, following the death of Mr. Buss, received payments arising out of an alleged

11 security interest held by Mr. Buss in an asset of TMG.

12      2.4    <u>Defendant Jane Doe Buss</u>. Jane Doe Buss is the wife of Richard Buss and

13 together they formed a marital community. Any and all acts by Richard Buss were done for

14 the benefit of the marital community. Any acts that benefitted Richard Buss benefitted the

15 marital community.

16                   III.  <u>FACTS</u>

17 A.    <u>Background</u>

18      3.1    TMG was formed in 1997 by Mark and Marna McNaughton for the purpose of

19 developing real estate. Mark and Marna McNaughton were the sole members of TMG at the

20 time of formation, and remained the sole members of TMG at the time of the TMG bankruptcy.

21 Mark McNaughton was the President and CEO of TMG.

22      3.2    Mark and Marna were also the sole members of several other LLCs through

23 which they conducted real estate development business. To add to the complexity, TMG was

24

25 [2] Claim #7.

COMPLAINT TO QUIET TITLE, FOR DECLARATORY RELIEF
AND TO AVOID AND RECOVER TRANSFERS UNDER
BANKRUPTCY CODE SECTIONS 544, 547, 548, 549, 550 AND
RCW 19.40 ET SEQ. - 3

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

4653435.2

1  itself a sole member of several more LLCs through which the McNaughtons also conducted

2  business.

3      3.3     Richard Buss was an officer or high level employee of TMG and exerted at least

4  some control over TMG.

5      3.4     Richard Buss was an insider of TMG.

6      3.5     As part of his employment, and acknowledging his standing as a key employee,

7  the McNaughtons, TMG and Buss entered into a profit sharing agreement. Buss earned a

8  bonus for the calendar year 2006 pursuant to TMG's profit sharing plan, which was to be paid

9  on February 28, 2007.

10     3.6     A portion of Buss' 2006 bonus was paid on or about February 28, 2007. The

11  remainder of Buss' 2006 bonus was evidenced by a promissory note executed by TMG dated

12  March 1, 2007.

13     3.7     The March 1, 2007 promissory note in favor of Buss was for the principal

14  amount of $542,565.74.

15     3.8     The March 1, 2007 promissory note was due and payable on October 31, 2007.

16     3.9     The note accrued interest at the rate of one percent greater than the prime rate,

17  adjusted on a monthly basis.

18     3.10    On February 26, 2009, Vien Bui and Thanh-Thien Tonnu filed a lawsuit against

19  TMG seeking $100,000 in damages.

20     3.11    On March 16, 2009, David Hawes filed a lawsuit against TMG seeking $20,000

21  in damages.

22     3.12    On October 12, 2009, Frontier Bank and Union Bank filed a lawsuit against The

23  McNaughton Group, LLC, the McNaughtons and other McNaughton entities seeking

24  $17,695,170.72 in damages from TMG and $27,264,551.36 from the McNaughtons.

25

COMPLAINT TO QUIET TITLE, FOR DECLARATORY RELIEF
AND TO AVOID AND RECOVER TRANSFERS UNDER
BANKRUPTCY CODE SECTIONS 544, 547, 548, 549, 550 AND
RCW 19.40 ET SEQ. - 4

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

4653435.2

3.13    In 2007 Traner/Traner Smith & Co., PLLC, prepared an amended tax return for TMG LLC for the 2006 tax year. That amended return was prepared negligently in that it contained a critical error. In that tax return, Traner claimed a tax deduction or write-off on the value of the real property underpinning a failed real estate venture which the McNaughtons still owned and that the McNaughtons still controlled through an LLC created for that purpose. This improper deduction flowed into the McNaughtons' personal tax returns as the sole members of TMG LLC.

3.14    As an actual or proximate result of this error the McNaughtons carried back improper losses in the 2007 tax year and obtained a substantial refund of 2006 taxes already paid, resulting in a potential $6 million tax underpayment and resulting liability for taxes, interest and penalties.

3.15    The McNaughtons received a tax refund from the IRS in 2010 and paid $250,000 from the refund to Buss and others in 2010.

3.16    At some point in 2010, Traner revealed his error and the Debtors' possible exposure should the IRS investigate the refunds claimed based upon Traner's error.

3.17    KLN, formed in 2010, is a successor to TMG. KLN is named after the initials of the McNaughton's children and, though he has no official employment, Mark McNaughton serves officially as an advisor to KLN.

3.18    Buss became the Chief Financial Officer of KLN.

3.19    Both the McNaughtons and TMG made assignments of various real estate projects to KLN in the 2010 timeframe regardless of whether they were owned directly by the McNaughtons or by the McNaughtons through their ownership of TMG.

COMPLAINT TO QUIET TITLE, FOR DECLARATORY RELIEF
AND TO AVOID AND RECOVER TRANSFERS UNDER
BANKRUPTCY CODE SECTIONS 544, 547, 548, 549, 550 AND
RCW 19.40 ET SEQ. - 5

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

4653435.2

B.    The Assets.

3.20    In September 2008, one of the LLC's wholly-owned by the McNaughtons, Bear Creek Highlands, LLC, ("Bear Creek") sold approximately thirty (30) acres of real property located in Snohomish County, Washington to the Everett School District for a potential future school site.  The Everett School District paid $4,660,000 of the purchase price in the form of school mitigation credits granted to Bear Creek.

3.21    The school mitigation credits can be applied against school mitigation fees imposed on development proposals within the Everett School District's boundaries for a twenty (20) year period.

3.22    The school mitigation credits were originally owned by Bear Creek but were transferred to TMG for little or no consideration.  TMG subsequently transferred the mitigation credits to KLN for little or no consideration.

3.23    TMG constructed a sewer lift station at approximately 180th Street SE and Sunset Road for use by the Silver Lake Water and Sewer District ("Silver Lake").  Pursuant to an October 7, 2009 Latecomers' Agreement with Silver Lake, TMG is entitled to "latecomers' fees" collected from the owners of properties that are benefited by and connect to the lift station constructed by TMG (the "Latecomer's Fees").

C.    The Transfers.

3.24    On January 22, 2010, Buss entered into an agreement titled "2006 Bonus Payment and Employee Promissory Note Amendment Agreement" (the "2010 Agreement").  At that time, the original March 1, 2007 promissory notes executed in favor of Buss was in default.

COMPLAINT TO QUIET TITLE, FOR DECLARATORY RELIEF AND TO AVOID AND RECOVER TRANSFERS UNDER BANKRUPTCY CODE SECTIONS 544, 547, 548, 549, 550 AND RCW 19.40 ET SEQ. - 6

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

4653435.2

1     3.25    As of January 22, 2010, the outstanding principal balances for the March 1,

2010 promissory note in favor of Buss (due and payable on October 31, 2007) was

$392,565.74.

     3.26    Pursuant to the 2010 Agreement, the McNaughtons paid $50,000, a portion of a

tax refund received from the IRS, to Buss to reduce the debt owed to Buss under the 2006

bonus agreement.

     3.27    Also pursuant to the 2010 Agreement, TMG agreed to provide additional

security for payment of the outstanding principal balance due under the March 1, 2007

promissory note in the form of security interests in the school mitigation credits and

Latecomer's Fees.  The 2010 Agreement provided in part:

> 2.1    <u>180[th] Street Lift Station Latecomers' Fees.</u>  The Employees shall be
> provided the latecomers' fees as security for the obligations under this
> Agreement, and the Parties shall execute all other documents deemed
> reasonable or necessary to effectuate such security interest . . . .
>
> . . .
>
> b. Any future proceeds from the latecomer fees would be distributed 50% to
> TMG and 50% to Employees in exchange for the Employee's release of their
> security interest in such distributed proceeds.
>
> c. TMG and Employees agree that at any time the latecomer's agreement may
> be assigned, transferred, or entered into in the name of a new LLC entity to be
> formed [NewLLC], provided, that the Employee's security interest in the
> latecomer's fees shall be assigned to and assumed by such transferee.
>
> 2.2    <u>Everett School District Impact Mitigation Fee Credits.</u>  The Employees
> shall be provided the Impact Fee Credits as security for the obligations under
> this Agreement, and the Parties shall execute all other documents deemed
> reasonable or necessary to effectuate such security interest . . . .
>
> . . .
>
> b. Any future proceeds from the sale of Impact Fee Credits by TMG to third
> parties shall be distributed 50% to TMG and 50% to Employees in exchange for
> the Employees' release of their security interest in such distributed proceeds.

COMPLAINT TO QUIET TITLE, FOR DECLARATORY RELIEF
AND TO AVOID AND RECOVER TRANSFERS UNDER
BANKRUPTCY CODE SECTIONS 544, 547, 548, 549, 550 AND
RCW 19.40 ET SEQ. - 7

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

4653435.2

c. TMG and Employees agree that at any time the Impact Fee Credits may be assigned, transferred or entered into the name of a new LLC entity to be formed [NewLLC], provided, that the Employee's security interest in the latecomers' fees shall be assigned to and assumed by such transferee.

3.28    Concurrent with the January 22, 2010 execution of the 2010 Agreement, two security agreements were executed. In one security agreement, TMG granted a security interest in favor of Buss in 50% of the proceeds from any future sale of the school mitigation credits (the "2010 Credits Security Agreement"). In the other security agreement, TMG granted a security interest in favor of Buss in 50% of the proceeds from any future collection of the Latecomer's Fees (the "2010 Latecomer's Fees Security Agreement").

3.29    Both the 2010 Credits Security Agreement and 2010 Latecomer's Fees Security Agreement contain the following provision:

5.9    No Impairment of Obligations. Until the Employee Promissory Notes have been paid in full, Debtor will not make any agreement which is inconsistent with its Obligations, nor sell, lease, or otherwise dispose of the Collateral (or any other material assets, if such assets are not also included as Collateral), other than in the ordinary course of business, unless Debtor has obtained the prior written consent of Secured Party, which consent will not be withheld unreasonably. Secured Party may, as a condition of giving consent, require that all or part of the proceeds be applied to the Notes as a prepayment.

3.30    No UCC-1 Financing Statement perfecting the security agreements was filed within 30 days of the security agreements being signed, nor prior to 2011.

3.31    On September 30, 2010, TMG and KLN signed an agreement titled Assignment and Assumption of Interest in School Mitigation Credits ("Credits Assignment Agreement"). Under the terms of the Credits Assignment Agreement, TMG transferred its right, interest and title to the school mitigation credits to KLN.

3.32    Paragraph 2.2 of the School Mitigation Credits Assignment Agreement provides for the assignment to KLN of all of TMG's rights, duties and obligations in and to the 2010

COMPLAINT TO QUIET TITLE, FOR DECLARATORY RELIEF AND TO AVOID AND RECOVER TRANSFERS UNDER BANKRUPTCY CODE SECTIONS 544, 547, 548, 549, 550 AND RCW 19.40 ET SEQ. - 8

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

4653435.2

Credits Security Agreement, with the exception of TMG's obligations to pay the March 1, 2007 employee promissory note.

> Subject to the terms of this Assignment, [KLN] hereby assumes the rights, duties and obligations of TMG as the "Debtor" under the Security Agreement; **provided, however**, that nothing in this Agreement shall constitute an assignment to [KLN] of [TMG]'s obligation to pay the Employee Promissory Notes . . . and the parties acknowledge and agree that the assignment of the Security Agreement is for purposes of continuing to provide the School Mitigation Credits as additional security pursuant to Section 2 of the [2010 Agreement].

3.33    In exchange for TMG's transfer to KLN of all of TMG's right, title and interest in the school mitigation credits, KLN agreed to pay 50% of any proceeds derived by KLN from the sale of the school mitigation credits to third parties after payment of any amounts due to Buss under Paragraph 2.2a of the 2010 Agreement.

3.34    Prior to the execution of the Credits Assignment Agreement:  (a) TMG received 100% of the proceeds derived from the sale of the school mitigation credits; (b) TMG had a contractual obligation to Buss to pay 50% of those proceeds to the Buss; (c) TMG was liable on the March 1, 2007 promissory note; and (d) Buss had an unperfected security interest in 50% of the school mitigation credits.

3.35    After the execution of the Credits Assignment Agreement:  (a) TMG received 25% of the proceeds derived from the sale of the school mitigation credits; (b) KLN received 75% of the proceeds derived from the sale of the school mitigation credits; (c) KLN had a contractual obligation to TMG to pay Buss 50% of the school mitigation credits but had no obligation to Buss; (d) TMG was still liable on the March 1, 2007 promissory note owing to Buss; and (e) Buss had an unperfected security interest in the school mitigation credits.

3.36    On March 22, 2011, a UCC-1 financing statement, listing KLN as the debtor, was filed purporting to perfect Buss' security interest in the school mitigation credits that had been transferred to KLN.

COMPLAINT TO QUIET TITLE, FOR DECLARATORY RELIEF
AND TO AVOID AND RECOVER TRANSFERS UNDER
BANKRUPTCY CODE SECTIONS 544, 547, 548, 549, 550 AND
RCW 19.40 ET SEQ. - 9

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

4653435.2

3.37    On that same day, a UCC-1 financing statement was filed purporting to perfect Buss' security interest in the Latecomer's Fees listing TMG as the debtor and Buss as the secured creditor.

3.38    On July 1, 2011, the Everett School District, TMG and KLN entered into the First Amendment to the Agreement Regarding Dedication of Land as School Impact Mitigation (the "July 2011 Amendment"). The July 2011 Amendment memorialized the transfer of the school mitigation credits from TMG to KLN, and the Everett School District's knowledge and approval of that transfer.

3.39    On March 12, 2012 another UCC-1 was filed reflecting KLN's ownership in the school mitigation credits. The UCC-1 was then amended that same day in still another filing to attach the July 2011 Amendment.

3.40    According to the Debtor's records, the following payments were made to Buss prior to the TMG bankruptcy petition date:

| Date | Description | Amount |
|---|---|---|
| 04/01/2010 | Buss- note payment/int | 6,200.43 |
| 05/01/2010 | Note payment - Buss | 6,144.24 |
| 05/01/2010 | A/P Check | 142.34 |
| 06/01/2010 | INT AND NOTE PMT-BUSS | 6,164.33 |
| 07/01/2010 | BUSS INT/NOTE PYMT | 6,109.30 |
| 08/02/2010 | Buss int and note payment | 6,128.23 |
| 09/01/2010 | BUSS INT NOTE | 6,110.19 |
| 10/04/2010 | BUSS INT AND NOTE | 6,056.91 |
| 11/01/2010 | BUSS INT AND NOTE PMT | 3,574.09 |
| 02/01/2011 | INT - BUSS | 1,065.07 |
|  | BUSS - INT ON NOTE | 962.00 |

COMPLAINT TO QUIET TITLE, FOR DECLARATORY RELIEF AND TO AVOID AND RECOVER TRANSFERS UNDER BANKRUPTCY CODE SECTIONS 544, 547, 548, 549, 550 AND RCW 19.40 ET SEQ. - 10

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

4653435.2

| | | |
|---|---|---|
| 03/01/2011 | | |
| 04/01/2011 | BUSS-INT ON NOTE | 1,065.07 |
| 05/19/2011 | INT ON NOTE-BUSS | 1,030.71 |
| 06/01/2011 | A/P Check | 1,065.07 |
| 07/01/2011 | A/P Check | 1,030.71 |
| 08/01/2011 | A/P Check | 1,065.07 |
| 09/01/2011 | A/P Check | 1,065.07 |
| 10/01/2011 | A/P Check | 1,013.95 |
| 11/01/2011 | A/P Check | 1,035.52 |
| | | 57,028.30 |

3.41    On March 21, 2012, TMG filed for voluntary Chapter 7 bankruptcy protection.

3.42    The Trustee anticipates additional transfers to Buss and the Defendant will be revealed during discovery, including but not limited to post-petition transfers in the amount of $60,000.

3.43    Richard Buss, among other former high level employees of TMG, filed a proof of claim in the TMG bankruptcy proceeding.  Upon information and belief, Buss had communicated with the other former high level employees regarding the TMG bankruptcy and its impact.

3.44    Claim Number 7 in the TMG bankruptcy was filed by Richard Buss on or about July 24, 2012.

3.45    Richard Buss asserted a secured claim in the amount of $275,250 relating to "Note for past wages".

COMPLAINT TO QUIET TITLE, FOR DECLARATORY RELIEF
AND TO AVOID AND RECOVER TRANSFERS UNDER
BANKRUPTCY CODE SECTIONS 544, 547, 548, 549, 550 AND
RCW 19.40 ET SEQ. - 11

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

4653435.2

3.46     Richard Buss' Claim asserts that the basis for the perfection of his purported security interest was a "Security agreement".

## IV.  FIRST AND SECOND CAUSES OF ACTION
### RCW 19.40.051 AND 11 U.S.C. § 547

4.1     All transfers from TMG to Buss after March 21, 2011, including each of the March 22, 2011 filings of the UCC-1 financing statements ostensibly perfecting the security interest in the school mitigation credits and Latecomer's Fees, and each payment of interest or principal by TMG to Buss and/or KLN were constructively fraudulent as to creditors whose claims arose before the transfer was made and is avoidable by the trustee because the transfers were made to an insider for an antecedent debt and the debtor was insolvent at the time of the transfers.  TMG had reasonable cause to believe that it was insolvent and that knowledge is attributable to Buss.

4.2     Buss was closely related to TMG and his close relationship provided an advantage to Buss as opposed to other creditors.  The transfers identified were not conducted at arm's length.

4.3     All transfers from TMG to Buss after March 21, 2011, including each of the March 22, 2011 filings of the UCC-1 financing statements ostensibly perfecting the security interest in the school mitigation credits and Latecomer's Fees, and each payment of interest or principal by TMG to Buss and/or KLN were transfers made to insiders of TMG within one year before the March 21, 2012 filing of the TMG bankruptcy petition.

4.4     The transfers made to Buss and/or KLN within the year prior to the filing of TMG's bankruptcy petition were transfers: (a) of interests in Debtor's property; (b) to Buss; (c) made on account of an antecedent debt owed by TMG to Buss; (d) made at a time when Debtor was insolvent; and (e) if validated would enable Buss to receive more than they would have

COMPLAINT TO QUIET TITLE, FOR DECLARATORY RELIEF
AND TO AVOID AND RECOVER TRANSFERS UNDER
BANKRUPTCY CODE SECTIONS 544, 547, 548, 549, 550 AND
RCW 19.40 ET SEQ. - 12

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

4653435.2

received had the transfers not been made and had Buss otherwise received distributions from the estate pursuant to the Bankruptcy Code.

    4.5    Payments made within the 90 day preference period to Buss are subject to avoidance as preferences under 11 U.S.C. § 547.

## V. THIRD AND FOURTH CAUSES OF ACTION
### RCW 19.40.041(A)(1) AND 11 U.S.C. § 548(A)(1)(A)

    5.1    The transfers made by the debtor to Buss after March 22, 2010, including the granting of a security interest in the school mitigation credits and the Latecomer's Fees, the subsequent filing of any financing statements, and any payments of interest and/ or principal, are avoidable under RCW 19.40.041 and/ or 11 USC § 548(a)(1)(A).

    5.2    The transfers made and the obligations incurred by the debtor were done with actual intent to hinder, delay, or defraud a creditor of the debtor, the transfers and obligations were directly or indirectly to or for the benefit of Buss.

    5.3    The Debtor had been sued or anticipated being sued prior to the transfers.

    5.4    TMG was insolvent; it had previously ostensibly transferred significant assets into KLN, a related entity.

    5.5    The value of the consideration received by the debtor from Buss in exchange for the ostensible transfers was not equivalent to the value of the assets transferred or the amount of the obligation incurred by the debtor.

## VI. FIFTH AND SIXTH CAUSES OF ACTION
### RCW 19.40.041(A)(2) AND 11 U.S.C. § 548(A)(1)(B)

    6.1    The transfers made by the debtor to Buss after March 22, 2010, including the granting of a security interest in each of the school mitigation credits and the Latecomer's Fees, the subsequent filing of any financing statements, and any payments of interest and/ or principal, are avoidable under RCW 19.40.041 and 11 U.S.C. § 548(a)(1)(B).

COMPLAINT TO QUIET TITLE, FOR DECLARATORY RELIEF
AND TO AVOID AND RECOVER TRANSFERS UNDER
BANKRUPTCY CODE SECTIONS 544, 547, 548, 549, 550 AND
RCW 19.40 ET SEQ. - 13

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

4653435.2

1    6.2    All the transfers made and obligations incurred by the debtor to Buss and KLN

2    were fraudulent as to creditors, whether the creditors' claim arose before or after the transfers

3    were made or the obligations were incurred.

4    6.3    The debtor made the transfers and/ or incurred the obligations without receiving

5    a reasonably equivalent value in exchange for the transfers or obligations and the debtor

6    believed or reasonably should have believed that he already owed, or would incur, debts

7    beyond his ability to pay as they became due.

8    6.4    The debtor had ostensibly transferred significant assets to KLN in 2010.

9    6.5    The debtor was insolvent at all times pertinent hereto.

10    6.6    The debtor's continued development of property could not be sustained with its

11    remaining assets.

12    6.7    The debtor continued to incur debts that were beyond the debtor's ability to pay.

13    6.8    The granting of a security interest in the school mitigation credits and

14    Latecomer's Fees, and subsequent perfection of that security interest, were made to benefit

15    Buss pursuant to a profit sharing employment contract outside the ordinary course of business.

16    6.9    It is anticipated that discovery may reveal additional voidable transfers.

17    VII.    SEVENTH CAUSE OF ACTION – RECOVERY OF AVOIDED TRANSFERS (11
                U.S.C. § 550)

18    7.1    Plaintiff realleges paragraphs 1.1 through 6.8.

19    7.2    Buss and Ms. Weimer as the Personal Representative for the Buss probate estate

20    are the "initial transferees" of the transfers identified in the foregoing paragraphs, as that

21    phrase is used in 11 U.S.C. § 550(a)(1).

22    7.3    Alternatively, Buss and Ms. Weimer as the Personal Representative for the Buss

23    probate estate are the subsequent transferees of the transfers identified in the foregoing

24    paragraphs, including without limitation the transfers to KLN.

25

COMPLAINT TO QUIET TITLE, FOR DECLARATORY RELIEF
AND TO AVOID AND RECOVER TRANSFERS UNDER
BANKRUPTCY CODE SECTIONS 544, 547, 548, 549, 550 AND
RCW 19.40 ET SEQ. - 14

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

4653435.2

1    7.4    Unless otherwise determined after a trial, pursuant to 11 U.S.C. § 550(a),

2  Plaintiff is entitled to recover from Ms. Weimer as the Personal Representative for the Buss

3  probate estate the sum total of the transfers made to Buss and Buss' probate estate and/or the

4  interests transferred, plus interest thereon to the date of payment and the costs of this action.

5    VIII.  EIGHTH AND NINTH CAUSES OF ACTION – QUIET TITLE AND
       DECLARATORY RELIEF REGARDING VALIDITY OF PERFECTION OF SECURITY
6                INTERESTS IN SCHOOL MITIGATION CREDITS

7    8.1    Plaintiff realleges paragraphs 1.1 through 7.3.

8    8.2    A security interest is an interest in personal property which secures the payment

9  or performance of an obligation.

10    8.3    A security interest is unenforceable where there is no underlying debt.

11    8.4    TMG granted a security interest in favor of Buss for the purpose of securing

12  TMG's obligations under the March 1, 2007 employee promissory note.

13    8.5    Paragraph 2.2 of the School Mitigation Credits Assignment Agreement

14  expressly provides that the obligations of TMG under the March 1, 2007 employee promissory

15  note were not transferred to KLN under the School Mitigation Credits Assignment Agreement.

16    8.6    TMG and not KLN is the debtor with respect to the March 1, 2007 employee

17  promissory notes and the interests in the school mitigation credits that secure the March 1,

18  2007 obligation.

19    8.7    Perfection of a security interest in the school mitigation credits required the

20  filing of a financing statement that identified the debtor as TMG.  RCW 62A.9A-503.

21    8.8    No valid UCC-1 financing statement was ever filed by Buss with respect to the

22  school mitigation credits since: (a) TMG, and not KLN, was liable on the March 1, 2007

23  employee promissory note; (b) the obligation secured by the interests in the school mitigation

24  credits (and Latecomers' fees) was the March 1, 2007 employee note obligation; and (c) the

25

COMPLAINT TO QUIET TITLE, FOR DECLARATORY RELIEF
AND TO AVOID AND RECOVER TRANSFERS UNDER
BANKRUPTCY CODE SECTIONS 544, 547, 548, 549, 550 AND
RCW 19.40 ET SEQ. - 15

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

4653435.2

1  March 22, 2011 UCC-1 financing statement identifies "KLN Construction, Inc." as the debtor

2  and not TMG.

3      8.9    Buss failed to perfect his security interests in the school mitigation credits.

4      8.10    Alternatively, in Washington, fraudulent transfers are voidable and not void *ab*

5  *initio*. A security interest that is perfected after the fraudulent transfer of property does not

6  automatically attach to that property. The first creditor to file an action to avoid the fraudulent

7  transfer takes priority in the fraudulently transferred property. The trustee is entitled to assert

8  the right of that hypothetical first creditor.

9      8.11    Alternatively, the school mitigation credits were fraudulently transferred to

10  KLN prior to Buss' perfection of his security interests in the school mitigation credits.

11      8.12    Klein, in his capacity as the Chapter 7 Trustee for the bankruptcy estate of TMG

12  and a hypothetical lien creditor, is the first creditor to file an action to avoid the transfers to

13  KLN and as such has superior right, title and interest in the fraudulently transferred property

14  over Buss.

15  IX.  <u>TENTH CAUSE OF ACTION – OBJECTION TO AND DISALLOWANCE OF CLAIM</u>

16      9.1    Plaintiff realleges paragraphs 1.1 through 8.12.

17      9.2    The security interests asserted by Buss were never perfected under Washington

18  law.

19      9.3    To the extent Buss received a perfected security interest in the assets of TMG,

20  the receipt of such perfected security interests was a result of avoidable transfers and Buss'

21  claim is disallowable pursuant to 11 U.S.C. § 502(d).

22      9.4    Buss has failed to provide any basis for a perfected secured claim against TMG.

23      9.5    Alternatively, the claim asserted by Buss is not secured against property of the

24  Debtor.

25

COMPLAINT TO QUIET TITLE, FOR DECLARATORY RELIEF
AND TO AVOID AND RECOVER TRANSFERS UNDER
BANKRUPTCY CODE SECTIONS 544, 547, 548, 549, 550 AND
RCW 19.40 ET SEQ. - 16

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

4653435.2

## X.  ELEVENTH CAUSE OF ACTION – 11 U.S.C. § 549.

10.1    Plaintiff realleges paragraphs 1.1 through 9.5.

10.2    Upon information and belief, the Buss probate estate has received $65,000 in transfers.

10.3    All transfers occurring after the Debtor's bankruptcy to Buss and Ms. Weimer as Personal Representative were transfers not authorized under the Bankruptcy Code or by this Court.

10.4    These transfers are therefore post-petition transfers and Plaintiff is entitled to avoid the post-petition transfers under 11 U.S.C. § 549.

## XI.  PRAYER FOR RELIEF

Having alleged causes of action to avoid transfers from the debtor to or for the benefit of Buss, plaintiff PRAYS FOR RELIEF as follows:

11.1    For avoidance of the transfers identified and for such other voidable transfers as are identified through discovery;

11.2    For a judgment in the amount of the voidable transfers initially received by Buss and Ms. Weimer as the Personal Representative for the Buss probate estate as a result of these transfers;

11.3    For an order preserving all transfers avoided hereunder for the benefit of the Estate;

11.4    For judgment declaring that Buss failed to validly perfect his security interests in the school mitigation credits;

11.5    For an order disallowing Claim Number 7;

11.6    For such other and further damages and equitable relief as is allowed under 11 U.S.C. § 550, and as the Court deems just and appropriate.

COMPLAINT TO QUIET TITLE, FOR DECLARATORY RELIEF
AND TO AVOID AND RECOVER TRANSFERS UNDER
BANKRUPTCY CODE SECTIONS 544, 547, 548, 549, 550 AND
RCW 19.40 ET SEQ. - 17

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

4653435.2

DATED this _____ day of February, 2014.

s/_____
Scott B. Henrie, WSBA #12673
Manish Borde, WSBA #39503
Attorneys for Michael P. Klein, Chapter 7 Trustee
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone: (206) 628-6600
Fax: (206) 628-6611
Email: shenrie@williamskastner.com
        mborde@williamskastner.com

COMPLAINT TO QUIET TITLE, FOR DECLARATORY RELIEF
AND TO AVOID AND RECOVER TRANSFERS UNDER
BANKRUPTCY CODE SECTIONS 544, 547, 548, 549, 550 AND
RCW 19.40 ET SEQ. - 18

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

4653435.2



# EXHIBIT E

COPY RECEIVED

14 APR 22 PM 2:59

SNOHOMISH COUNTY
SUPERIOR COURT COMM.



FILED

APR 22 2014

SONYA KRASKI
COUNTY CLERK
SNOHOMISH CO. WASH.

SUPERIOR COURT OF WASHINGTON IN AND FOR SNOHOMISH COUNTY

| | |
|---|---|
| In the Matter of the Estate of<br><br>RICHARD F. BUSS,<br><br>Deceased. | No. 13-4-00302-9<br>**PETITION FOR ORDER RE<br>REASONABLE REVIEW TO<br>ASCERTAIN DECEDENT'S<br>CREDITORS (RCW 11.40.040(3))**<br>Hearing Date: Friday, May 16, 2014<br>Hearing Time: 9:30 a.m. |

I, JANETTE M. WEIMER (aka Jannette M. W. Weimer), in accordance with RCW 9A.72.085, declare under penalty of perjury under the laws of the State of Washington that the following is true and correct to the best of my knowledge.

1.      **Personal Representative.**   I am the Personal Representative of the Estate of Richard F. Buss (the "Buss Estate").

2.      **Probate Notice to Creditors.**   On March 13, 2013, I published a *Probate Notice to Creditors* in The Tribune, a newspaper that has been approved as a legal newspaper by order of the Superior Court of Snohomish County.   Thereafter, on December 4, 2013, I caused to be filed an *Affidavit of Publication*, confirming that the Probate Notice to Creditors was published for more than six months.

3.      **Reasonable Review of Decedent's Correspondence & Financial Records.** Shortly after my appointment, I reasonably and diligently reviewed Decedent's correspondence (including correspondence received after date of death) and financial records (including personal financial statements, loan documents, checkbooks, bank statements, and income tax returns) that

PETITION FOR ORDER RE REASONABLE REVIEW TO
ASCERTAIN DECEDENT'S CREDITORS (RCW 11.40.040(3)) - 1

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400   FAX (206) 447-9700

51360443.1

were in my possession or reasonably available to me. Based on this review, I made a list of each possible creditor of Decedent.

    4.    **Personal Representative's Affidavit.** On December 26, 2013, I caused to be filed an Affidavit confirming that, in accordance with RCW 11.40.040, I exercised reasonable diligence to discover within the four-month time limitation (expiring on July 13, 2013) all reasonably ascertainable creditors of Decedent.

    5.    **Expiration of Creditor's Claim Statute of Limitations Period.** Over fourteen months have passed since the first date of publication of my *Probate Notice to Creditors* on March 13, 2013, so the Statute of Limitations as regards filing a Creditor's Claim against the estate has expired.

    WHEREFORE, based on the foregoing, I request an order:

    1.    Declaring that as the Personal Representative of the Buss Estate, I have made a reasonable review of Decedent's correspondence and financial records to ascertain Decedent's creditors;

    2.    Determining that any creditor of Decedent not now known to me is not reasonably ascertainable, and;

    3.    Terminating the rights against the Buss Estate of all creditors not named in Paragraph 3 above.

    DATED: April 14, 2014

JANNETTE M. WEIMER
(aka Jannette M. W. Weimer)

PETITION FOR ORDER RE REASONABLE REVIEW TO
ASCERTAIN DECEDENT'S CREDITORS (RCW 11.40.040(3)) - 2

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51560443 1

E-30

Case 14-01225-KAO    Doc 11-1    Filed 08/06/14    Ent. 08/06/14 10:35:30    Pg. 35 of 58

# EXHIBIT F

1

2

3

4

5

6

7  SUPERIOR COURT OF WASHINGTON IN AND FOR SNOHOMISH COUNTY

8  IN THE MATTER OF THE ESTATE OF

9  RICHARD F. BUSS,                                   No. 13-4-00302-9

10                              Deceased.             **NOTICE OF AFFIDAVIT OF**
                                                      **PUBLICATION**

11

12         Attached here is a true and correct copy of the Affidavit of Publication for the Petition for

Order Re Reasonable Review to Ascertain Decedent's Creditors.

13

14         DATED this 15th day of May, 2014.

15

16

17                                                    Charles P. Rullman, WSBA No. 42733
                                                      FOSTER PEPPER PLLC
                                                      1111 Third Avenue, Suite 3400
18                                                    Seattle, Washington 98101-3299
                                                      Telephone: (206) 447-4400
19                                                    Facsimile: (206) 447-9700
                                                      Email: rullc@foster.com
20                                                    Attorneys for Personal Representative
                                                      Jannette M. Weimer

21

22

23

24

25

26

NOTICE OF AFFIDAVIT OF PUBLICATION - 1

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51371771.1

F-31

# Everett Daily Herald

## Affidavit of Publication

State of Washington }
County of Snohomish   } ss

Teresa Snyder being first duly sworn, upon oath deposes and says: that he/she is the legal representative of the Everett Daily Herald a daily newspaper. The said newspaper is a legal newspaper by order of the superior court in the county in which it is published and is now and has been for more than six months prior to the date of the first publication of the Notice hereinafter referred to, published in the English language continually as a daily newspaper in Snohomish County, Washington and is and always has been printed in whole or part in the Everett Daily Herald and is of general circulation in said County, and is a legal newspaper, in accordance with the Chapter 99 of the Laws of 1921, as amended by Chapter 213, Laws of 1941, and approved as a legal newspaper by order of the Superior Court of Snohomish County, State of Washington, by order dated June 16, 1941, and that the annexed is a true copy of EDH557911 NO 13-4-00302-9 as it was published in the regular and entire issue of said paper and not as a supplement form thereof for a period of 1 issue(s), such publication commencing on 04/24/2014 and ending on 04/24/2014 and that said newspaper was regularly distributed to its subscribers during all of said period.

The amount of the fee for such publication is $70.00.

*Teresa Snyder*

Subscribed and sworn before me on this
_24_ day of _April_,
_2014_.

*Susan L Stoltz*

Notary Public in and for the State of Washington.
Foster Pepper PLLC | 14204443
COLLEEN HICKMAN
NO 13-4-00302-9

\* SUSAN L. STOLTZ \*
STATE OF WASHINGTON
NOTARY --◦-- PUBLIC
My Commission Expires 12-20-2017

No. 13-4-00302-9
NOTICE FOR PETITION
FOR ORDER RE:
REASONABLE REVIEW TO
ASCERTAIN DECEDENT'S
CREDITORS
(RCW 11.40.040(3))
SUPERIOR COURT OF
WASHINGTON IN AND FOR
SNOHOMISH COUNTY
In the Matter of the Estate of
RICHARD F. BUSS,
Deceased.
PLEASE TAKE NOTICE
On Friday, May 16, 2014, at 9:30 a.m. this Court located at
Snohomish County Courthouse 3000 Rockefeller Avenue Everett, WA 98201, will hear the Petition of Janette M. Weimer for Order re Reasonable Review to Ascertain Decedent's Creditors, requesting for an Order declaring that the Personal Representative has made a review, and that any creditor not known to the Personal Representative is not reasonably ascertainable. Any person entitled to Notice has the right to appear at the hearing and be heard on the matter by the Court.
Dated: April 22, 2014
Foster Pepper PLLC
CHARLES P. HULLMAN, WSBA No. 42703
Attorneys for Petitioner.
Janette M. Weimer
Published: April 24, 2014.

F-32

# EXHIBIT G

**Christopher Alston**

| | |
|---|---|
| **From:** | Charles Rullman |
| **Sent:** | Friday, April 25, 2014 7:20 AM |
| **To:** | 'mborde@williamskastner.com' |
| **Cc:** | Christopher Alston |
| **Subject:** | Buss Estate: Petition in Snohomish Superior Court |
| **Attachments:** | 10 32 1 173_EXCHANGE_04242014-110740.pdf - Adobe Acrobat Pro.pdf |

Mr. Borde,

I am a colleague of Chris Alston and I am assisting in the representation of the Estate of Richard F. Buss. Attached is a courtesy copy of the Calendar Note and Petition for Order Re Reasonable Review to Ascertain Decedent's Creditors filed with the Snohomish County Superior Court on April 22. The Notice of Petition will be published in the newspaper of record for Snohomish County for 20 days and the hearing is scheduled for Friday, May 16, 2014 at 9:30 a.m.

Best regards,

**Chuck P. Rullman | Attorney**
1111 Third Avenue, Suite 3400 | Seattle, WA 98101-3299
(206) 447-7268 (direct) | rullc@foster.com

 FOSTER PEPPER...

# EXHIBIT H

Court Commissioner
Guardianship/Probate Calendar
Dept. D
Date of Hearing: May 16, 2014
Time: 9:00 a.m.

**RECEIVED**

MAY 1 4 2013

**FOSTER PEPPER PLLC**

SUPERIOR COURT OF WASHINGTON FOR SNOHOMISH COUNTY

| | |
|---|---|
| In the Matter of the Estate of | NO. 13-4-00302-9 |
| RICHARD F. BUSS, | RESPONSE TO PETITION FOR ORDER RE: REASONABLE REVIEW TO ASCERTAIN DECEDENT'S CREDITORS |
| Deceased. | |

Michael P. Klein, Chapter 7 trustee for the bankruptcy estates of Mark and Marna McNaughton and The McNaughton Group, LLC (the "Trustee"), responds as follows.[1]

1.      Mark and Marna McNaughton filed a voluntary Chapter 7 bankruptcy petition on February 28, 2012.[2]

2.      Michael P. Klein was appointed Chapter 7 trustee for the McNaughtons' bankruptcy estate.

3.      Mr. Klein filed a Chapter 7 bankruptcy petition on behalf of The McNaughton Group, LLC on March 21, 2012.[3] The McNaughton Group, LLC was wholly owned by Mark

---

[1] The facts relevant to this Response are alleged in the Complaint that was submitted with Respondent/Trustee's claim and Respondent/Trustee incorporates those factual allegations into this response brief. However, some of those facts are repeated here for the Court's convenience.

[2] Complaint at ¶ 2.1.

[3] Complaint at ¶ 2.1.

RESPONSE TO PETITION FOR ORDER RE: REASONABLE
REVIEW TO ASCERTAIN DECEDENT'S CREDITORS - 1

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

4880899.1

1  and Marna McNaughton and was engaged in real estate development.[4] Mr. Klein was

2  appointed trustee for The McNaughton Group, LLC bankruptcy estate.[5]

3      4.      The decedent, Richard Buss, was the Chief Financial Officer of The

4  McNaughton Group, LLC. Mr. Buss also became the Chief Financial Officer for KLN

5  Construction, Inc., an entity the Respondent/Trustee alleges is a successor to The McNaughton

6  Group, LLC.[6]

7      5.      On July 24, 2012, the decedent, Richard Buss, filed a proof of claim in The

8  McNaughton Group, LLC bankruptcy case, in the amount of $275,250.[7]

9      6.      The decedent's claim asserts funds were owing to him pursuant to a profit

10  sharing plan of The McNaughton Group, LLC for 2006. The funds were to be paid on

11  February 28, 2007. A portion of Buss' 2006 bonus was paid on or about February 28, 2007 but

12  the remainder was evidenced by a promissory note executed by The McNaughton Group dated

13  March 1, 2007.

14      7.      On January 22, 2010, Buss entered into an agreement with The McNaughton

15  Group, LLC titled "2006 Bonus Payment and Employee Promissory Note Amendment

16  Agreement" (the "2010 Agreement"). At that time, the original March 1, 2007 promissory

17  notes executed in favor of Buss was in default.

18      8.      As of January 22, 2010, the outstanding principal balances for the March 1,

19  2007 promissory note in favor of Buss (due and payable on October 31, 2007) was

20  $392,565.74.

21

22

23

24

25

---

[4] Complaint at ¶ 3.1.
[5] Complaint at ¶ 2.2.
[6] Complaint at ¶¶ 3.3, 3.17, 3.18
[7] A copy of the proof of claim filed by the decedent is attached as **Exhibit A** to the Declaration of Manish Borde in Support of Response to Petition for Order Re: Reasonable Review to Ascertain Decedent's Creditors ("Borde Declaration").

RESPONSE TO PETITION FOR ORDER RE: REASONABLE
REVIEW TO ASCERTAIN DECEDENT'S CREDITORS - 2

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

4880899.1

1       9.      Pursuant to the 2010 Agreement, The McNaughton Group, LLC agreed to

2 provide additional security for payment of the outstanding principal balance due under the

3 March 1, 2007 promissory note in the form of security interests in two asset classes – school

4 mitigation credits and latecomer's fees.[8]

5       10.    The Trustee alleges, among other things, that the perfection of the security

6 interests in the school mitigation credits and latecomers' fees in favor of Buss were avoidable

7 transfers under the Bankruptcy Code.

8       11.    The McNaughton Group, LLC transferred the school mitigation assets to KLN

9 Construction, Inc. prior to the bankruptcy.[9] The Trustee alleges that this is an avoidable

10 transfer. The Buss estate has received payments from KLN Construction, Inc.'s sale of some

11 of the school mitigation credits pursuant to the ostensible security interest in the school

12 mitigation credits.

13      12.    The Trustee alleges that all payments received as a result of the ostensible

14 security interest in the school mitigation credits are recoverable under provisions of the

15 Bankruptcy Code.

16      13.    Other key employees of The McNaughton Group, LLC were owed funds

17 pursuant to the profit sharing plan and they filed claims in The McNaughton Group, LLC

18 bankruptcy case. This includes Kevin Ballard who became President of KLN Construction,

19 Inc., as well as Brian Holtzclaw, who was the Chief Legal Officer of The McNaughton Group,

20 LLC and retained the same title at KLN Construction, Inc.

21

22

23

24 [8] School mitigation credits can be applied against school mitigation fees imposed on development proposals within the Everett School District's boundaries for a twenty (20) year period. See Complaint at ¶ 3.21.

25 "Latecomers' fees" collected from the owners of properties that are benefited by and connect to the lift station constructed by The McNaughton Group, LLC. See Complaint at ¶ 3.23.

[9] Complaint at ¶ 3.31.

RESPONSE TO PETITION FOR ORDER RE: REASONABLE
REVIEW TO ASCERTAIN DECEDENT'S CREDITORS - 3

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

4880899.1

14. Holtzclaw and Ballard filed claims in The McNaughton Group, LLC bankruptcy case similar to that of the decedent's.[10]

15. Decedent Buss, Ballard and Holtzclaw filed their claims as secured claims.

16. Decedent Buss and the Buss estate received payments relating to the 2010 Agreement before and after The McNaughton Group, LLC was filed into bankruptcy.

17. Notwithstanding that: (a) Buss received payments on the March 1, 2007 promissory note prior to his death; (b) Buss had been the Chief Financial Officer of both The McNaughton Group, LLC and KLN Construction, Inc.; (c) the Buss estate continued to receive payments from KLN Construction, Inc.'s sale of school mitigation credits as a result of the ostensible security interest; (d) Buss had filed a proof of claim in The McNaughton Group, LLC's bankruptcy case along with other high level employees that addressed the security interest in the school mitigation credits and directly related to the payments received by the Buss estate; and (e) Buss had previously testified in the McNaughton bankruptcy proceeding regarding pre-bankruptcy transactions, Respondent/Trustee was not provided actual notice regarding the deadline to file a claim against the probate estate.[11]

18. Respondent filed a Creditor's Claim in the above entitled matter on February 26, 2014. Respondent alleges the decedent and the Buss estate received payments subject to the Trustee's avoidance powers under 11 U.S.C. § § 544, 547, 548, 549 and 550.

19. As of April 14, 2014, Respondent is known to the Personal Representative and therefore is not within the class of "not now known to me" creditors according to paragraph 2 of the prayer of the Personal Representative.

---

[10] Excerpts of the claims filed by Mr. Ballard and Mr. Holtzclaw are attached as **Exhibits B and C** to the Borde Declaration.
[11] Excerpt of deposition testimony provided by Richard Buss in the McNaughton bankruptcy case is attached as **Exhibit D** to the Borde Declaration.

RESPONSE TO PETITION FOR ORDER RE: REASONABLE
REVIEW TO ASCERTAIN DECEDENT'S CREDITORS - 4

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

4880899.1

20.    The Petition is a matter "within the purview of RCW 11.96A.080, 11.96A.030 and 11.40.040(3).

21.    A petition made pursuant to RCW 11.96A.020 must be a separate matter as provided in 11.96A.090 requires a separate cause number.

22.    An action brought under RCW 11.96A.090 proceeding requires a Summons as required by RCW 11.96A.100. The Petition of the Personal Representative was not accompanied by a Summons.

23.    The Petition is brought pursuant to RCW 11.40.040(3) and the presumption referred to in that section may be rebutted by clear, cogent and convincing evidence.

24.    The alleged reasonable diligence of the Petitioner cites no sources other than those provided for in RCW 11.40.040 and the Personal Representative failed to query or investigate (i) any bankruptcy file, paperwork of correspondence relating to The McNaughton Group, LLC given The McNaughton Group, LLC bankruptcy was filed within approximately one year prior to the death of the decedent, and (ii) the decedent's computer and emails.

25.    The Personal Representative in the exercise of reasonable diligence knew or should have known or reasonably discovered the Respondent, particularly since: (a) the Personal Representative was receiving payments from the sale of an asset that was the subject of a proof of claim filed by the decedent in The McNaughton Group, LLC bankruptcy; (b) the asset had been transferred by The McNaughton Group, LLC to KLN Construction, Inc. and Buss had been employed at both; and (c) Buss had previously testified on behalf of KLN Construction, Inc. in the McNaughton bankruptcy proceeding. Additionally, the Personal Representative has not disclosed that she reviewed communications among Ballard, Holtzclaw and Buss relating to the bankruptcy and the individuals' claims in the bankruptcy.

26.    RCW 11.96A.115 provides that discovery should be set by the court. Such discovery would allow Respondent to develop clear, cogent and convincing evidence to rebut

RESPONSE TO PETITION FOR ORDER RE: REASONABLE
REVIEW TO ASCERTAIN DECEDENTS CREDITORS - 5

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

4880899.1

1    the presumption contained in RCW 11.40.040 and at a minimum the Court should order: (i)

2    forensic review of decedent's computer and emails, and (ii) the Respondent should be

3    permitted to depose the Personal Representative regarding the bankruptcy file relating to the

4    decedent's estate and other matters relative to the exercise of reasonable diligence by the

5    personal representative.

6        27.    RCW 11.96A.020 vests plenary power with the Court to administer and settle

7    all matters concerning the estates and assets of deceased persons. RCW 11.96A.300 sets forth

8    a procedure for mediation. The Trustee has entered into tolling agreements with the Personal

9    Representative, Mr. Holtzclaw and Mr. Ballard for the purpose of attempting to mediate the

10   Trustee's claims. The Trustee, Mr. Holtzclaw and Mr. Ballard are currently attempting to

11   schedule a mediation. In the alternative to directing discovery to proceed regarding the

12   Personal Representative's exercise of reasonable diligence, the Court should direct the Buss

13   estate to attend a mediation.

14       WHEREFORE, Respondent requests the Court to set a discovery schedule to permit

15   Respondent to develop evidence to rebut the presumption of reasonable diligence of the

16   personal representative as referenced in RCW 11.40.040. In the alternative, Respondent

17   requests the Court direct the parties to attend a mediation in an effort to resolve the dispute.

18       DATED this 14th day of May, 2014.

19

20

21

22

23

24

25

RESPONSE TO PETITION FOR ORDER RE: REASONABLE
REVIEW TO ASCERTAIN DECEDENT'S CREDITORS - 6

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

4880899.1

_Manish Borde_
Manish Borde, WSBA #39503
Attorneys for Creditor Michael P. Klein,
Chapter 7 Trustee for the Bankruptcy Estates of
The McNaughton Group LLC and Mark and
Marna McNaughton
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone: (206) 628-6600
Fax: (206) 628-6611
mborde@williamskastner.com

RESPONSE TO PETITION FOR ORDER RE: REASONABLE
REVIEW TO ASCERTAIN DECEDENT'S CREDITORS - 7

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

4880899.1

1 
## CERTIFICATE OF SERVICE

2      The undersigned certifies, under penalty of perjury of the laws of the State of

3 Washington, that on the below date, I caused to be served via legal messenger a true and

4 correct copy of the foregoing document to:

5 Charles P. Rullman, WSBA #42733
Foster Pepper PLLC
6 1111 Third Avenue, Suite 3400
Seattle, WA 98101-3299
7 Attorneys for Petitioner, Janette M. Weimer

8      DATED this 14th day of May, 2014.

9                                          *Manish Borde*

10                                      Manish Borde, WSBA #39503
Attorneys for Creditor Michael P. Klein,
11 Chapter 7 Trustee for the Bankruptcy Estates of
The McNaughton Group LLC and Mark and
12 Marna McNaughton
WILLIAMS, KASTNER & GIBBS PLLC
13 601 Union Street, Suite 4100
Seattle, WA 98101-2380
14 Telephone: (206) 628-6600
Fax: (206) 628-6611
15 mborde@williamskastner.com

16

17

18

19

20

21

22

23

24

25

RESPONSE TO PETITION FOR ORDER RE: REASONABLE
REVIEW TO ASCERTAIN DECEDENT'S CREDITORS - 8

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

4880899.1

# EXHIBIT I

7   SUPERIOR COURT OF WASHINGTON IN AND FOR SNOHOMISH COUNTY

8   In the Matter of the Estate of          No. 13-4-00302-9

9   RICHARD F. BUSS,                        **REPLY BRIEF IN SUPPORT OF PETITION FOR ORDER RE REASONABLE REVIEW TO ASCERTAIN DECEDENT'S CREDITORS (RCW 11.40.040(3))**

10                              Deceased.

11                                          Hearing Date: Friday, May 16, 2014
12                                          Hearing Time: 9:00 a.m.

13

## I.  INTRODUCTION

14

15      The Personal Representative for the Estate of Richard F. Buss, Janette M. Weimer (the

16  "PR"), through her undersigned counsel, submits this Reply in support of her Petition for Order

17  Re Reasonable Review to Ascertain Decedent's Creditors (the "Petition").  Respondent Michael

18  P. Klein, the Chapter 7 trustee for the bankruptcy estates of Mark and Marna McNaughton and

19  The McNaughton Group, LLC (the "Bankruptcy Trustee" for the "McNaughton Bankruptcy

20  Estate"), submitted the only response to the Petition.  The PR requests that the Court rule that

21  any creditors not identified by the PR through her diligent search of the Decedent's records were

22  not reasonably ascertainable, including the McNaughton Bankruptcy Estate.

23      At the time of his passing in February 2013, the Decedent was a claimant against the

24  McNaughton Bankruptcy Estate based on a 2007 promissory note.  The Decedent had

25  participated in the bankruptcy proceedings as a witness, but the Bankruptcy Trustee never

26  disclosed that he might be the subject of a future avoidance action.  Nonetheless, on February 26,

PETITION FOR ORDER RE REASONABLE REVIEW TO
ASCERTAIN DECEDENT'S CREDITORS (RCW 11.40.040(3)) - 1

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51371518.1

1  2014, the Bankruptcy Trustee filed a Creditor's Claim alleging that the Decedent and his Estate
2  received payments subject to the Trustee's avoidance powers.   The Bankruptcy Trustee's
3  Creditor's Claim was untimely, as it was submitted more than 14 months after the PR published
4  a notice to potential creditors.

5      The PR attested to the sufficiency of her investigation for potential creditors and her
6  affidavit created a presumption of reasonable diligence. *See* RCW 11.40.040(2).  She reviewed
7  the Decedent's correspondence and financial records (including personal financial statements,
8  loan documents, checkbooks, bank statements, and income tax returns) that were in her
9  possession or reasonably available to her.  None of these materials stated directly or implicitly
10  that the bankruptcy estate for McNaughton Bankruptcy Estate held claims against the Decedent –
11  and the Bankruptcy Trustee has offered no clear, cogent and convincing evidence to the contrary.

12      The Court should deny the Bankruptcy Trustee's request for discovery and rule that any
13  creditors not identified by the PR through her diligent search of the Decedent's records were not
14  reasonably ascertainable, including the McNaughton Bankruptcy Estate

15              II. **UNDISPUTED FACTUAL BACKGROUND**

16  **A.      The Personal Representative Diligently Investigated the Decedent's Creditors.**

17      The Decedent died on February 8, 2013.  The Decedent's Will was admitted to probate
18  on March 1, 2013 and the PR was appointed on the same date.

19      On March 13, 2013, the PR caused a *Probate Notice to Creditors* to be published in The
20  Tribune, a newspaper that has been approved as a legal newspaper by this Court. (Petition, ¶ 2.)
21  Thereafter, on December 4, 2013, the PR caused an *Affidavit of Publication* to be filed,
22  confirming that the Probate Notice to Creditors was published for more than six months.  *(Id.)*
23  On December 26, 2013, the PR filed an Affidavit confirming that, in accordance with RCW
24  11.40.040, she exercised reasonable diligence to discover within the four-month time limitation
25  (expiring on July 13, 2013) all reasonably ascertainable creditors of the Decedent.  *(Id.)*

26

PETITION FOR ORDER RE REASONABLE REVIEW TO
ASCERTAIN DECEDENT'S CREDITORS (RCW 11.40.040(3)) - 2

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51371518.1

**B.** **The Bankruptcy Trustee Waited a Year after the Decedent's Death to Assert a Creditor's Claim.**

On March 21, 2012, The McNaughton Group, LLC filed for bankruptcy. (Response, ¶ 3.) Decedent, who had served as Chief Financial Officer of the The McNaughton Group, LLC and its successor, KLN Construction, Inc., filed a proof of claim for $272,250. (*Id.*, ¶ 5.) Decedent's claim asserted that funds were owing to him pursuant to a profit sharing plan with The McNaughton Group, LLC, which was later reduced to a promissory note. (*Id.*, ¶ 6.)

On February 26, 2014, seven months after the time for making creditor's claims expired, the Bankruptcy Trustee filed a Creditor's Claim. (Response., ¶ 18.) The Bankruptcy Trustee alleges that the Decedent and his Estate received payments that are subject to the Trustee's avoidance powers. (*Id.*)

### III. LEGAL ARGUMENT

**A.** **The McNaughton Bankruptcy Estate Was Not A Reasonably Ascertainable Creditor.**

The PR seeks a declaration that any creditors not identified by to the PR through her diligent search were not reasonably ascertainable, including the McNaughton Bankruptcy Estate. RCW 11.40.040(3). A reasonably ascertainable creditor is a creditor that "the personal representative would discover upon exercise of reasonable diligence." RCW 11.40.040(1). The personal representative is deemed to have exercised reasonable diligence "upon conducting a reasonable review of the decedent's correspondence, including correspondence received after the date of death, and financial records, including personal financial statements, loan documents, checkbooks, bank statements, and income tax returns, that are in the possession of or reasonably available to the personal representative." RCW 11.40.040(1). The personal representative may evidence such a review by filing an affidavit with the court regarding the search conducted. RCW 11.40.040(3). The filing of such an affidavit creates a presumption of reasonable diligence. RCW 11.40.040(2). Moreover, any creditor not ascertained during this review is presumed to

PETITION FOR ORDER RE REASONABLE REVIEW TO
ASCERTAIN DECEDENT'S CREDITORS (RCW 11.40.040(3)) - 3

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51371518.1

I-44

Case 14-01225-KAO   Doc 11-1   Filed 08/06/14   Ent. 08/06/14 10:35:30   Pg. 53 of 58

1 have not been reasonably ascertainable—a presumption that may be rebutted only by clear,

2 cogent, and convincing evidence. RCW 11.40.040(2).

3     The Bankruptcy Trustee claims that the PR should have identified the McNaughton

4 Bankruptcy Estate as a reasonably ascertainable creditor for the following reasons: (1) the

5 Decedent received payments under the promissory note prior to his death; (2) the Decedent's

6 Estate continued to receive payments on the promissory note after the Decedent's death; (3) the

7 Decedent had been an officer of The McNaughton Group, LLC; (4) the Decedent had filed a

8 claim against the McNaughton Bankruptcy Estate; and (5) the Decedent had given deposition

9 testimony in proceedings involving the McNaughton Bankruptcy Estate. (Response., ¶ 17.)

10 However, these facts merely establish that the Decedent (and then his Estate) was a creditor of

11 the McNaughton Bankruptcy Estate – not the reverse. Neither the Decedent nor his Estate was

12 given written or oral notice that the Bankruptcy Trustee would pursue an avoidance action –

13 particularly one that would not be filed until a year after the Decedent's death.

14     The Bankruptcy Trustee has not provided clear, cogent, and convincing evidence to rebut

15 the presumption that the McNaughton Bankruptcy Estate was not a reasonably ascertainable

16 creditor. The Court should therefore grant the PR's Petition.

17 **B.**     **The Court Should Deny the Bankruptcy Trustee's Request for Discovery.**

18     The Bankruptcy Trustee requests discovery so it can look for unspecified evidence that

19 the McNaughton Bankruptcy Estate was a reasonably ascertainable creditor. Such discovery is

20 not available as a matter of right and it should be denied. *See* RCW 11.96A.115; *see also* RCW

21 11.96A.100(7) (TEDRA issues may be decided by affidavit).

22     RCW 11.96A.115 states that discovery "shall be permitted *only*" in certain situations,

23 including when "[a] judicial proceeding … places one or more specific issues in controversy."

24 (Emphasis added). The statute does not indicate that discovery is always required whenever

25 specific issues are placed in controversy. *See In re Estate of Fitzgerald*, 172 Wash. App. 437,

26 447, 294 P.3d 720, 725 (2012) review denied, 177 Wash. 2d 1014, 302 P.3d 181 (2013)

PETITION FOR ORDER RE REASONABLE REVIEW TO
ASCERTAIN DECEDENT'S CREDITORS (RCW 11.40.040(3)) - 4

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

51371518.1

1  (affirming denial of continuance for additional discovery where affidavits conclusively

2  demonstrated there was no issue of fact as to knowledge of creditor; and characterizing the

3  additional discovery request as a "mere speculation and a fishing expedition"). Here, the

4  discovery sought by the Bankruptcy Trustee has already been addressed by the PR in her

5  Affidavit, where she attested to her review of all relevant documents and not identifying the

6  McNaughton Bankruptcy Estate as a potential creditor. *Id.* at 447. The presumption of diligence

7  that attaches to the PR's Affidavit should not be disregarding to allow the Bankruptcy Trustee to

8  conduct a fishing expedition in hope of resuscitating a time-barred claim.

9  ## IV. <u>CONCLUSION</u>

10  For all of the foregoing reasons, the PR requests that the Court rule that any creditors not

11  identified by the PR through her diligent search were not reasonably ascertainable, including the

12  McNaughton Bankruptcy Estate.

13  DATED: May 15, 2014

14

15  Charles P. Rullman, WSBA #42733
    FOSTER PEPPER PLLC

16  1111 Third Avenue, Suite 3400
    Seattle, Washington 98101-3299

17  Telephone: (206) 447-4400
    Facsimile: (206) 447-9700

18  Email: rullc@foster.com
    Attorneys for the Personal Representative for

19  the Estate of Richard F. Buss, Janette M.
    Weimer

20

21

22

23

24

25

26

PETITION FOR ORDER RE REASONABLE REVIEW TO
ASCERTAIN DECEDENT'S CREDITORS (RCW 11.40.040(3)) - 5

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

51371518.1

I-46

Case 14-01225-KAO   Doc 11-1   Filed 08/06/14   Ent. 08/06/14 10:35:30   Pg. 55 of 58

# EXHIBIT J

FILED

2014 MAY 23 AM 9:40

SONYA KRASKI
COUNTY CLERK
SNOHOMISH CO. WASH

SUPERIOR COURT OF WASHINGTON IN AND FOR SNOHOMISH COUNTY

IN THE MATTER OF THE ESTATE OF

RICHARD F. BUSS,

                              Deceased.

No. 13-4-00302-9

[PROPOSED] ORDER GRANTING
PETITION FOR ORDER RE
REASONABLE REVIEW TO
ASCERTAIN DECEDENT'S
CREDITORS (RCW 11.40.040(3))

THIS MATTER came before the Court on the Petition For Order Re Reasonable Review To Ascertain Decedent's Creditors submitted by Personal Representative for the Estate of Richard F. Buss, Janette M. Weimer (the "PR"). The Court has considered the following submissions:

1.  PR's Petition For Order Re Reasonable Review To Ascertain Decedent's Creditors;

2.  Response to Petition For Order Re Reasonable Review To Ascertain Decedent's Creditors;

3.  Declaration of Manish Borde In Support of Response to Petition For Order Re Reasonable Review To Ascertain Decedent's Creditors; and

4.  Reply Brief In Support of Petition For Order Re Reasonable Review To Ascertain Decedent's Creditors.

[PROPOSED] ORDER - 1

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400   FAX (206) 447-9700

51373242.1

1  Being fully advised, it is hereby **ORDERED** that the PR's Petition For Order Re

2  Reasonable Review To Ascertain Decedent's Creditors is GRANTED as follows:  Any creditors

3  not identified by the PR through her diligent search of Decedent Richard F. Buss' records were

4  not reasonably ascertainable, including the Bankruptcy Estate of The McNaughton Group, LLC

5  and any party acted on its behalf, including the Bankruptcy Trustee.

6  DATED this 23 day of May , 2014.

8  _____
   COMMISSIONER FOR SNOHOMISH COUNTY

9  Pro tem

10  Presented by:

11  FOSTER PEPPER PLLC

12  _____

13  Charles P. Rullman, WSBA No. 42733
   Attorneys for the Personal Representative

14  for the Estate of Richard F. Buss, Janette M. Weimer

15

16

17

18

19

20

21

22

23

24

25

26

[PROPOSED] ORDER - 2

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51373242.1